UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOANN LEDOUX,<br><br>              Plaintiff,<br><br>   v.<br><br>OUTLIERS, INC. (d/b/a THESIS, THESIS NOOTRPICS, FIND MY FORMULA, and FORMULA), a Delaware Corporation; DANIEL FREED, individually; MATT RUBIN, individually; BRAND NUTRACEUTICALS, INC. (d/b/a BRAND NUTRA), a New York Corporation; BRAND PACKAGING GROUP, INC. (d/b/a BRAND NUTRACEUTICALS), a New York Corporation; and John and Jane Does 1-5,<br><br>              Defendants. | Case No. 3:24-cv-05808-TMC<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL AND ORDERING THE PARTIES TO MEET AND CONFER |

Defendants Thesis, Daniel Freed, and Matt Rubin move to seal the unredacted version of their motion for partial summary judgment along with Exhibits B, P, V, and AA to the motion for summary judgment. Dkt. 111; *see* Dkts. 114–18 (proposed sealed documents). For the reasons discussed below, the Court GRANTS the motion with respect to the unredacted motion for partial summary judgment and Exhibits P and V (Dkts. 114, 116–117) but DENIES the motion with respect to Exhibits B and AA (Dkts. 115 and 118) with leave to renew pursuant to the parties' conferral on the matter within seven days.

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL AND ORDERING THE PARTIES TO MEET AND CONFER - 1

## I.     BACKGROUND

This case involves product liability claims brought by Plaintiff Joann LeDoux, a nurse in a military hospital, who purchased nootropic supplement kits from Defendant Outliers, Inc. (doing business as Thesis or Thesis Nootropics). Ledoux alleges that Thesis failed to disclose that their supplements contained amphetamines, resulting in LeDoux testing positive for amphetamines when subjected to routine drug screening by the military.

Thesis filed the present motion to seal (Dkt. 111) on August 12, 2025, alongside its motion for partial summary judgment (Dkts. 112, 114). Thesis argues that the unredacted motion for summary judgment and the following exhibits to the motion should be kept under seal:

- Exhibit B, the Certificates of Analysis from vendors from whom Thesis sources its ingredients. Thesis argues these documents reveal proprietary information about Thesis's products, such as "the ingredient sources that Thesis selects, the ingredients' precise composition, and how they are tested."

- Exhibits P and V, Plaintiff's medical records that she has designated confidential.

- Exhibit AA, Plaintiff's file considered by the Army's promotion board in 2021. The Army designated this document as confidential and, according to Thesis, asserted that the document contains so much confidential information about LeDoux and other military personnel that redaction would be impractical.

Dkt. 111 at 2–3. Thesis attempted to confer with Plaintiff regarding Exhibits P and V, but Plaintiff did not respond before Thesis filed the present motion five days later. Dkt. 125 at 3 ("[plaintiff] did not respond within the narrow time provided between a Thursday morning email and the Defendants' prescribed noon Friday deadline [. . .] and the Defendants proceeded with filing on the following Tuesday."). Thesis did not contact Plaintiff to discuss Exhibits B or AA.

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL AND ORDERING THE PARTIES TO MEET AND CONFER - 2

Plaintiff filed her opposition to the motion on August 27, 2025. Dkt. 125. Plaintiff argues that Thesis failed to comply with the meet-and-confer requirement in Local Civil Rule (LCR) 5(g)(3)(a) and objects to the filing of Exhibits B and AA under seal. Dkt. 124 at 3–4. Plaintiff agrees that Exhibits P and V should be filed under seal, and she does not appear to contest the redactions made in the public version of the motion for partial summary judgment. *See id*. at 1, 3–4 ("Even had Defendants met and conferred with Plaintiff about these matters, Plaintiff does not believe it would be proper to file redactions of Plaintiff's medical records without being under seal.").

## II.   DISCUSSION

There is a strong presumption in favor of public access to court records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); LCR 5(g). A party seeking to overcome that presumption in this Court by filing a document under seal must comply with the provisions of LCR 5(g). LCR 5(g)(3)(A) provides that a party who files a motion to seal must include in the motion a certification that they met and conferred with all other parties "on the need to file the document under seal, to minimize the amount of material filed under seal, and to explore redaction and other alternatives to filing under seal[.]"

Thesis argues it was not required to comply with 5(g)(3)(A) with respect to Exhibit B because it is the party designating the document as confidential. Dkt. 130 at 2–3. It reasons that the rule only applies "when a party seeks to file documents another party has designated confidential." *Id*. According to Thesis, the rule "does not require a party to meet and confer with an opponent about its own confidential materials." *Id*. at 1.

The Court disagrees with Thesis's interpretation of LCR 5(g)(3)(A). The rule "clearly contemplates a discussion between the parties aimed at reaching some agreement regarding the need to seal." *Wilson v. Ponce Gound Serv., LLC*, No. 2:22-CV-00521-RAJ, 2022 WL

16763699, at *2 (W.D. Wash. Nov. 8, 2022). Although Thesis cites a separate meet-and-confer requirement in LCR 5(g)(1)(A) triggered when a party "seeks to file the document under seal because another party has designated it as confidential," the Court does not read this as a limitation on LCR 5(g)(3)(A)'s application.

Other courts in this District have similarly read LCR 5(g)(3)(A) to require a meet-and-confer certification even when the movant seeks to seal their own document. *See Delashaw v. Seattle Times Co.*, No. C18-537 JLR, 2020 WL 6818720, at *4 (W.D. Wash. May 28, 2020) ("Apparently, [movant's] counsel believes that they have the authority to unilaterally create an exception to Local Rule 5(g) because [movant] produced the documents at issue and 'determined that they warrant provisionally sealing.' Nonsense. Local Rule 5(g)'s mandate is clear. A party who wishes to seal documents must file a motion to seal that includes a certification that the party has met and conferred with other parties"); *see also Rajapske v. TrueBlue*, No. 3:22-CV-5785-RAJ, 2023 WL 1798239, at *2 (W.D. Wash. Feb. 7, 2023) (declining to seal a movant's employment documents because "[w]hile some of this information could potentially be sealed, [plaintiff] fail[ed] to confer with defense counsel prior to filing her motion as required by LCR 5(g)(3)(A).").

Thesis therefore failed to certify it met and conferred with "all parties" with respect to Exhibits B and AA. LCR 5(g)(3)(A). Accordingly, the Court orders the parties to meet and confer on the need to file Exhibits B and AA under seal and "attempt to reach agreement on the need to file the document under seal, to minimize the amount of material filed under seal, and to explore redaction and other alternatives to filing under seal." *Id.* The Court finds compelling reasons to seal Exhibits P and V, however, which contain sensitive medical records that courts in this District regularly shield from public disclosure. *See Nelson v. Washington Bd. of Indus. Appeals*, No. 3:25-CV-05551-DGE, 2025 WL 1770746, at *1 (W.D. Wash. June 26, 2025)

(citing cases) ("many courts in this District have recognized that the need to protect medical privacy qualifies in general as a 'compelling reason'") (citation modified).

### III.  CONCLUSION

The Court GRANTS Thesis's motion (Dkt. 111) to seal Exhibit P (Dkt. 116), Exhibit V (Dkt. 117), and the unredacted motion for summary judgment (Dkt. 114). With respect to Exhibit B (Dkt. 115) and Exhibit AA (Dkt. 118), the Court DENIES the motion and ORDERS the parties to meet and confer on the need to file the documents under seal in compliance with LCR 5(g)(3)(A) within 7 days of this order. If Thesis still believes that the documents must be filed under seal, Thesis must file a renewed motion to seal Exhibits B and AA within 14 days of this order that contains a certification pursuant to LCR 5(g)(3)(A).

The Clerk of Court is directed to keep Dkts. 115 and 118 sealed pending the Court's ruling on the renewed motion.

Dated this 1st day of October, 2025.

Tiffany M. Cartwright
United States District Judge