Honorable Judge Tiffany M. Cartwright

IN THE U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOANN LEDOUX, a single woman.<br><br>Plaintiff,<br><br>vs.<br><br>OUTLIERS, INC. (d/b/a THESIS, THESIS NOOTRPICS, FIND MY FORMULA, and FORMULA), a Delaware Corporation; DANIEL FREED, individually; MATT RUBIN, individually; BRAND NUTRACEUTICALS, INC. (d/b/a BRAND NUTRA), a New York Corporation; BRAND PACKAGING GROUP, INC. (d/b/a BRAND NUTRACEUTICALS), a New York Corporation; and John and Jane Does 1-5.<br><br>Defendants. | No. 3:24-cv-05808-TMC<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>NOTE ON MOTION CALENDAR:<br>December 5, 2025 |

## I.  PRAYER FOR RELIEF

COMES NOW the above-named plaintiff, by and through her attorney of record, Jocelyn C. Stewart, of **Law Office of Jocelyn C Stewart, Corp.**, pursuant to Federal Rule of Civil Procedure 15 and LCR 15(a),[1] and moves this Honorable Court for leave to amend the Amended Complaint (Dkt. 45).

---

[1] LCR 15(a) - A party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion. The party must indicate on the proposed amended pleading how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting

PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT - 1
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

II.     **LEGAL STANDARD AND BURDEN OF PROOF**

Under Rule 15, "[a] party may amend its pleading once as a matter of course" before being served with a responsive pleading. Fed. R. Civ. P. 15(a)(1)(B). "[I]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[U]ndue delay, bad faith or dilatory motive on part of movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to opposing party by virtue of allowance of amendment, and futility of amendment" are sufficient reasons for a district court to deny leave. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in original). This policy is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).

In deciding whether to grant leave to amend, district courts consider five factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) whether the plaintiff has previously amended the complaint, and (5) futility of amendment. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). However, "not all factors merit equal weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Prejudice is the "touchstone of the inquiry

---

the text to be added. The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits. If a motion for leave to amend is granted, the party who was given leave to amend must file and serve the amended pleading on all parties within fourteen (14) days of the filing of the order granting leave to amend, unless the court orders otherwise.

PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT - 2
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

under rule 15(a)." *Id.* citing *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) (stating that "the crucial factor is the resulting prejudice to the opposing party"); *DCD Programs*, 833 F.2d at 186-87 (noting that party opposing amendment "bears the burden of showing prejudice"). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052, citing *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997).

### III.  FACTS

#### A.  Background

OUTLIERS, INC. d/b/a THESIS, THESIS NOOTROPICS, FIND MY FORMULA, and FORMULA, (hereafter "THESIS DEFENDANTS") sold a product to Plaintiff JOANN LEDOUX from their website for "Find My Formula" nootropic supplement kits (hereafter "Formula"). This is the product that THESIS DEFENDANTS marketed and shipped to Plaintiff between March and September of 2021 (hereafter "Formula Product"). Plaintiff, an Army major, was subject to random drug tests, and after consuming the Formula Product, tested positive for Amphetamines after submitting a urine sample.

On September 25, 2024, after suffering substantial losses and emotional injuries, the Plaintiff filed this suit against the THESIS DEFENDANTS and the BRAND NUTRA DEFENDANTS. (Dkt. 1).

#### B.  Motion to Dismiss – Brand Nutra Defendants – Failure to State Claims

On November 27, 2024, BRAND NUTRA DEFENDANTS filed a Partial Motion to Dismiss, alleging the failure of Plaintiff to sufficiently distinguish the conduct of BRAND NUTRA DEFENDANTS and the THESIS DEFENDANTS. (Dkt. 24).

PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT - 3
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

On December 18, 2024, Plaintiff responded. (Dkt. 30; Dkt. 31).

On December 24, 2024, BRAND NUTRA DEFENDANTS filed a reply. (Dkt. 32).

On February 18, 2025, the Court issued an order, granting the motion in part, denying the motion in part, and expressly ruling that Plaintiff could amend the complaint. (Dkt. 39). The Court noted that if Plaintiff decided to amend, she must accomplish the amended claim by March 11, 2025. *Id*.

On March 4, 2025, Plaintiff Amended the complaint. (Dkt. 45).

### C. Motion to Dismiss – Personal Jurisdiction and Failure to State Claims

On March 18, 2025, THESIS DEFENDANTS Outliers, Inc., Mr. Freed, and Mr. Rubin jointly filed a Partial Motion to Dismiss the Amended Complaint under Rule 12(b). (Dkt. 57).

On July 15, 2025, the parties stipulated to extend the briefing and re-note the motion while jurisdictional discovery proceeded. (Dkt. 107).

On July 16, 2025, the Court granted that stipulated motion. (Dkt. 108).

On July 25, 2025, Defendants Mr. Freed and Mr. Rubin filed a notice withdrawing the personal-jurisdiction portion of their motion but maintaining all other Rule 12(b)(6) arguments on behalf of themselves and Outliers. (Dkt. 109).

On August 31, 2025, Plaintiff filed her response. (Dkt. 128).

On September 2, 2025, THESIS DEFENDANTS filed their reply to the motion. (Dkt. 130).

On October 28, 2025, the Court denied in part and granted in part the THESIS DEFENDANTS' Partial Motion to Dismiss. (Dkt. 169). The Court's order dismissed the claims against Mr. Rubin and Mr. Freed in their personal capacities without prejudice,

PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT - 4
No. 3:24-cv-05808-TMC

Law Office of Jocelyn C Stewart, Corp.
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

permitting Plaintiff to seek leave to amend to add specific factual allegations concerning their personal participation and intent. *Id*.

On November 12, 2025, THESIS filed an answer to the Amended Complaint. (Dkt. 172).

### D. Proposed Amended Complaint

Pursuant to Local Civil Rule 15, Plaintiff attaches her proposed Second Amended Complaint with markings to demonstrate the proposed changes as **Exhibit 1**[2] for the Court's consideration. The proposed changes are largely limited to the inclusion of additional factual allegations addressing the deficiencies identified in the Court's Order (Dkt. 169) concerning Defendants Mr. Freed and Mr. Rubin. These additions identify their respective roles and where applicable, their action or inaction overlapped with Outliers' Inc. and/or BRAND NUTRA DEFENDANTS. No new causes of action are asserted, and the amendment does not expand the scope of the existing claims. *See* **Exhibit 1**. Consistent with LCR 15(a), Plaintiff's **Exhibit 1** includes "how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added." Plaintiff also provides **Exhibit 2**, a clean copy of the proposed Second Amended Complaint.

Other amendments include clarifying the now reduced economic damages in light of Plaintiff's recent promotion to Lieutenant Colonel and the rescission of her involuntary separation from the Army; these amendments are consistent with amended disclosures made to the Defendants about these intervening acts.

/ / /

/ / /

---

[2] Highlighting indicates new language; red font with line through, indicates words that were present in the Amended Complaint (Dkt. 45), which are now proposed for removal.

PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT - 5
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

## IV.   ARGUMENT

### A. Plaintiff is Not Acting in Bad Faith

A motion to amend is made in bad faith where there is "evidence in the record which would indicate a wrongful motive" on the part of the litigant requesting leave to amend. *DCD Programs*, 833 F.2d at 187; *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 651 (W.D. Wash. 2015) ("In the context of a motion for leave to amend, 'bad faith' means acting with intent to deceive, harass, mislead, delay, or disrupt.") (citing *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006)).

Plaintiff is not acting in bad faith. The proposed amendment is made in direct response to this Court's October 28, 2025, Order (Dkt. 169), which dismissed claims against Defendants Freed and Rubin without prejudice and expressly permitted amendment to allege additional facts concerning their personal participation and intent. Plaintiff's proposed Second Amended Complaint is narrowly tailored to that directive and seeks only to include specific factual allegations developed through subsequent discovery and investigation. The proposed amendment does not introduce new claims, expand the scope of litigation, or alter the legal theories previously asserted. Rather, it fulfills the Court's guidance and Rule 15's purpose—to allow pleadings to be conformed to the evidence and to ensure that cases are decided on their merits rather than on procedural technicalities.

### B. Plaintiff Has Not Acted With Undue Delay

By itself, a showing of undue delay is insufficient to deny leave to amend pleadings. *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973); *DCD Programs*, 833 F.2d at 186. However, in combination with other factors, delay may be sufficient to deny amendment. *Webb*, 655 F.2d at 979-80; *see Lockheed Martin Corp. v. Network Solutions Inc.*, 194 F.3d 980, 986

PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT - 6
No. 3:24-cv-05808-TMC

Law Office of Jocelyn C Stewart, Corp.
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

(9th Cir. 1999) (substantial delay, while not dispositive, is relevant to whether to permit amendment). In assessing whether there exists undue delay, a court shall consider if "the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) (citations omitted). The mere fact that a party fails to offer a reason for not moving to amend earlier does not in itself constitute an adequate basis for denying leave to amend. *Howey*, 481 F.2d at 1190-91. Whether there has been "undue delay" should be considered in the context of (1) the length of the delay measured from the time the moving party obtained relevant facts; (2) whether discovery has closed; and (3) proximity to the trial date. *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798-99 (9th Cir. 1991).

The Court should find no indication of undue delay in bringing the motion to amend. The timing of this motion thus corresponds directly to Plaintiff's discovery of new facts substantiating the individual conduct of Defendants Mr. Freed and Mr. Rubin. Discovery remains ongoing. Plaintiff was able to bring her proposed amendment in fewer days than was authorized in this Court's order directing Plaintiff to submit amendments after the Defendants' previous Motion to Dismiss. (Dkt. 39).

Plaintiff brings this motion a mere sixteen days after the Court's Order dismissing all claims against Mr. Freed and Mr. Rubin. This timeline, particularly in light of other demands in the case while discovery and depositions are ongoing, is reasonable.

Under all circumstances, Plaintiff's request is timely, and this factor weighs in favor of granting leave to amend. As such, this factor should weigh in favor of allowing amendment.

/ / /

/ / /

PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT - 7
No. 3:24-cv-05808-TMC

Law Office of Jocelyn C Stewart, Corp.
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

C. **There is No Prejudice to the Opposing Party**

"The claims which [Plaintiff] seeks to add would not 'greatly alter[] the nature of the litigation' or 'require[] defendants to [] undertake[], at a late hour, an entirely new course of defense.'" *Schwartz v. D Miller, PA*, 2025 U.S.App LEXIS 22161 *26 (9th Circuit, August 28, 2025), citing *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). [Outliers, Inc.]'s strategy is unlikely to be affected if [Freed] and [Rubin] rejoin [him] as codefendants. And any relevant evidence is likely to be readily available given that the litigation in this matter has been ongoing for more than a [year]". *Schwartz v. D Miller, PA*, 2025 U.S.App LEXIS 22161 *26 (9th Circuit, August 28, 2025). As in *Schwartz*, the amendment here does not change the legal theories, claims, or relief sought; it merely adds factual detail establishing Defendants Freed's and Rubin's direct participation in the misconduct previously alleged against the Thesis Defendants.

The litigation in this case has been ongoing for more than a year, discovery remains open, and Defendants have long been aware of the factual issues concerning the adulteration of the Formula product; Mr. Rubin and Mr. Freed undertook the actions in obtaining access to the ingredients, and Mr. Rubin presented the falsified laboratory records to the product manufacturer. Each can hardly claim prejudice. The proposed amendments do not expand discovery or require Defendants to undertake an entirely new defense. Indeed, Outliers, Inc.'s litigation strategy will remain materially unchanged even if Mr. Freed and Mr. Rubin are reinstated as defendants, as their conduct is intertwined with the same events and evidence already at issue. The Outliers, Inc. reply to the Amended Complaint makes plain their strategy would not change. (Dkt. 172).

PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT - 8
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

Because the proposed Second Amended Complaint neither broadens the case nor imposes any additional burden of proof or discovery on Defendants, there is no prejudice within the meaning of *Foman* and its progeny. This factor, therefore, weighs strongly in favor of granting leave to amend.

### D. **Although Plaintiff Has Previously Amended, the Proposed Amendment is Narrow and Curative**

Plaintiff's prior occasion to amend does not foreclose another opportunity to amend. As the Ninth Circuit has recognized, "[a]s a general rule, leave to amend may be denied when a plaintiff has demonstrated a '*repeated* failure to cure deficiencies by amendments previously allowed.'" *Schwartz v. D Miller, PA*, 2025 U.S.App LEXIS 22161 *26 (9th Circuit, August 28, 2025), citing *United Healthcare Ins. Co.*, 848 F.3d 1161, 1183 (9th Circuit, 2016) (emphasis added in original).

Plaintiff has not demonstrated a "repeated failure to cure deficiencies." Plaintiff's proposed amendment is narrowly tailored to cure the specific pleading deficiencies identified in the Court's October 28, 2025, Order (Dkt. 169), which dismissed the claims against Defendants Mr. Freed and Mr. Rubin without prejudice. The proposed Second Amended Complaint adds factual allegations regarding those Defendants' personal participation and knowledge but does not assert new causes of action, modify the existing legal theories, or expand the scope of discovery.

This targeted amendment fulfills Rule 15's purpose of permitting claims to be decided on their merits and ensures that the record accurately reflects the evidence developed through recent discovery. Because Plaintiff has not repeatedly failed to cure deficiencies, and because this

PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT - 9
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

amendment is narrow and responsive to the Court's ruling, this factor also weighs in favor of granting leave to amend.

### E. Plaintiff's Proposed Amendments are Not Futile and Directly Identified by the Court, Signaling Mr. Freed's and Mr. Rubin's Tortious Conduct

As to the fourth factor, futility of amendment, the 9th Circuit has explained that "[l]eave to amend is warranted if the deficiencies can be cured with additional allegations that are consistent with the challenged pleading' and that do not contradict the allegations in the original complaint." *United States ex rel. Lee v. Corinthian Colleges*, 655 F.3d 984 (9th Circuit, 2011) (quoting *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296-97 (9th Cir. 1990)). Amendment is futile only if "no set of facts can be proved under the amendment that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), citing *Baker v. Pacific Far East Lines, Inc.*, 451 F. Supp. 84, 89 (N.D. Cal. 1978); *see generally* 3 J. Moore, *Moore's Federal Practice* para. 15.08[4] (2d ed. 1974) (proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)).

Indeed, denial of leave on futility grounds is "rare," as "courts will ordinarily defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Zurich Am. Ins. Co. of Ill. v. VForce Inc.*, No. 2:18-cv-02066-TLN-CKD, 2020 U.S. Dist. LEXIS 91716, 2020 WL 2732046, at *3 (E.D. Cal. May 26, 2020) (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)).

Here, the proposed amendment is not futile because it directly cures the pleading deficiencies identified in the Court's October 28, 2025, Order (Dkt. 169). The Court dismissed

PLAINTIFF'S MOTION FOR LEAVE TO
AMEND COMPLAINT - 10
No. 3:24-cv-05808-TMC

Law Office of Jocelyn C Stewart, Corp.
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

the claims against Defendants Mr. Freed and Mr. Rubin without prejudice, finding that the Amended Complaint lacked sufficient factual allegations establishing their individual participation and knowledge of the adulteration at issue. The proposed Second Amended Complaint adds specific, non-conclusory facts showing that Defendant Freed caused the supply of "known standards" for ingredient testing to Brand Nutra, directed and/or knew of the shipment and handling of raw materials in a manner that enabled tampering and substitution, and presented falsified Certificates of Analysis bearing repeated fabricated unique identifiers across multiple lots, ingredients, and third-party laboratories. It further alleges that Defendant Rubin, acting under Freed's direction, coordinated shipments to the corporate headquarters and his residence, facilitating the adulteration of ingredients, and knowingly circulated false testing documentation.

These new factual allegations are consistent with the original pleading, expand upon the same course of conduct already alleged, and render the claims against Freed and Rubin plausible under the *Iqbal* and *Twombly* standards. Because the proposed amendment provides the very details the Court found lacking and does not contradict any prior allegation, it is not futile. Rather, it strengthens the factual foundation of Plaintiff's existing claims and ensures that all responsible parties remain properly before the Court.

F. **Relief**

Accordingly, the Court should grant Plaintiff leave to file her Second Amended Complaint pursuant to Rule 15(a)(2). The proposed amendments are narrowly tailored, timely, and presented in good faith. The Second Amended Complaint neither expands the scope of the case nor prejudices Defendants, and it directly addresses the deficiencies identified by the Court in its October 28, 2025 Order (Dkt. 169). Because none of the *Foman* factors weigh against

PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT - 11
No. 3:24-cv-05808-TMC

Law Office of Jocelyn C Stewart, Corp.
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

amendment, and because the interests of justice favor resolution on the merits, Plaintiff respectfully requests that the Court authorize filing of the Second Amended Complaint attached hereto as **Exhibit 2** and deem it the operative pleading upon filing.

## V. REQUESTED RELIEF

For the reasons listed above, Plaintiff JOANN LEDOUX respectfully requests that this Honorable Court exercise its authority under Federal Rule of Civil Procedure 15(a)(2) and permit Plaintiff to file her Second Amended Complaint, attached hereto as **Exhibit 2**.

I certify that this memorandum contains 3,061 words, in compliance with the Local Civil Rules.

DATED this 13th day of November 2025.

ATTORNEY FOR PLAINTIFF

 /s/ Jocelyn C. Stewart
Jocelyn C. Stewart, WSBA No. 58100
Law Office of Jocelyn C Stewart, Corp.
1200 Pacific Ave. # 600
Tacoma, WA 98402
Phone: (253) 212-6940
Email: jocelyn@ucmj-defender.com
Email: jen@ucmj-defender.com

PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT - 12
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

# CERTIFICATE OF SERVICE

I hereby certify that on this date I caused true and correct copies of the foregoing document to be served upon the following, at the addresses stated below, via the court's CM/ECF system which will send notification of such filing to the attorneys of record for the parties.

| | |
|---|---|
| Jeremy E. Roller, Esq.<br>Arete Law Group<br>600 University St., Ste 2420<br>Seattle, WA 98101-129<br><br>jroller@aretelaw.com<br>jfischer@aretelaw.com<br>kgreenberg@aretelaw.com | *Attorneys for Defendants Outliers, Inc., Matt Rubin, and Daniel Freed* |
| Richard D. Houghton, *Pro Hac Vice*<br>Dane Ball, *Pro Hac Vice*<br>Michelle Stratton, *Pro Hac Vice*<br>Murphy Ball Stratton, LLP<br>1001 Fannin, Ste 720<br>Houston, TX 77002<br><br>rhoughton@mbssmartlaw.com<br>qmurphy@mbssmartlaw.com<br>mstratton@mbssmartlaw.com<br>dball@mbssmartlaw.com | *Attorneys for Defendants Outliers, Inc., Matt Rubin, and Daniel Freed* |
| Christian McGuire, *Pro Hac Vice*<br>Murphy Ball Stratton, LLP<br>2219 E. 11th Street, Apt. 129<br>Tulsa, OK 74104<br><br>cmcguire@mbssmartlaw.com<br>christianm.mcguire@gmail.com | *Attorneys for Defendants Outliers, Inc., Matt Rubin, and Daniel Freed* |
| Laurie M. Friedl, Esq.<br>Kevin J. Craig, Esq.<br>Gordon Rees Scully Mansukhani, LLP<br>701 Fifth Avenue, Ste 2100<br>Seattle, WA 98104<br><br>lfriedl@grsm.com<br>kcraig@grsm.com<br>Seaasbestos@grsm.com | *Attorneys for Defendants Brand Nutraceuticals, and Brand Packaging Group, Inc.* |

PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT - 13
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494

| | |
|---|---|
| Joshua N. Severit, *Pro Hac Vice* <br> David J. Fisher, *Pro Hac Vice* <br> Manning Gross + Massenburg, LLP <br> 1405 N. Green Mount Road, Ste 400 <br> O'Fallon, IL 62269 <br><br> jseverit@mgmlaw.com <br> dfisher@mgmlaw.com <br> jsova@mgmlaw.com <br> lbradley@mgmlaw.com | *Attorneys for Defendants Brand Nutraceuticals, and Brand Packaging Group, Inc.* |
| Daniel R. Olsen, *Pro Hac Vice* <br> Manning Gross + Massenburg, LLP <br> 100 Pringle Avenue, Ste 750 <br> Walnut Creek, CA 94596 <br><br> dolsen@mgmlaw.com <br> Olsen_law@comcast.net | *Attorneys for Defendants Brand Nutraceuticals, and Brand Packaging Group, Inc.* |

Dated this 13th day of November 2025.

_____
Jen L. Bassetti, Litigation Paralegal

PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT - 14
No. 3:24-cv-05808-TMC

**Law Office of Jocelyn C Stewart, Corp.**
1201 Pacific Avenue, Ste 600
Tacoma, WA 98407
Phone: (253) 317-8494