Hon. Tiffany M. Cartwright

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOANN LEDOUX,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>OUTLIERS, INC., BRAND NUTRACEUTICALS, INC., BRAND PACKAGING GROUP, INC., and JOHN AND JANE DOES 1–5,<br><br>　　　　Defendants. | CASE NO. 3:24-cv-5808-TMC<br><br>**DEFENDANTS' MOTION TO STRIKE AND EXCLUDE PLAINTIFF'S EXPERT EVIDENCE**<br><br>NOTE ON MOTION CALENDAR:<br>December 22, 2025 |

## INTRODUCTION[1]

At the summary-judgment hearing, LeDoux sandbagged Defendants by citing expert evidence not in the summary-judgment record. Ex. F at 39:2–6. When asked why she failed to submit the evidence earlier, LeDoux declared it was a strategic decision: she believed she could "prevail absent" the evidence until she "further stud[ied] the standards." *Id.* at 23:5–10.

The Court should exclude this evidence from the summary-judgment record and from the case. Federal Rule of Civil Procedure 37 imposes that sanction because LeDoux's expert

---

[1] This motion omits all internal quotations, alterations, and citations in quoted materials.

DEFENDANTS' MOTION TO STRIKE AND
EXCLUDE PLAINTIFF'S EXPERT EVIDENCE - 1
No. 3:24-cv-508-TMC

MURPHY BALL STRATTON LLP
1001 Fannin Street, Suite 720
Houston, Texas 77002
(571) 525-4818

disclosures violated Rule 26, and LeDoux cannot show substantial justification or harmlessness. The hallucinated nature of LeDoux's filings is another reason to exclude.

## ARGUMENT

### I. Under Rule 37, the Court should exclude LeDoux's expert evidence.

Rule 26 governs expert designations and reports. When an expert disclosure violates Rule 26, the disclosing party "is not allowed to use that [expert] to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). That penalty "is a self-executing, automatic sanction." *Goodman v. Staples The Off. Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011).

#### a. LeDoux has repeatedly violated Rule 26.

At the hearing, LeDoux primarily relied upon two experts: Ronald Shippee and James Kababick. But she attempted to excuse her late disclosure of those experts by referring to her disclosures of Steven Dezell and Catherine Okano. Ex. F at 26:6–9; 31:22–24. So Defendants begin with the Rule 26 violations pertaining to Dezell and Okano and then address Kababick and Shippee.

##### 1. LeDoux falsely designated Okano and Dezell as non-retained experts and did not produce reports.

Under Rule 26(a)(2)(B), expert disclosures "must be accompanied by a written report . . . if the witness is one retained or specially employed to provide expert testimony." Only a non-retained expert need not produce a report. *See Cantu v. United States*, 2015 WL 12743881, at *3 (C.D. Cal. Apr. 6, 2015). The "distinction between retained and non-retained experts is whether the testimony is based only on percipient knowledge or on information reviewed in anticipation for trial." *Fed. Trade Comm'n v. Amazon.com, Inc.*, 2025 WL 2460658, at *4 (W.D. Wash. Aug.

DEFENDANTS' MOTION TO STRIKE AND
EXCLUDE PLAINTIFF'S EXPERT EVIDENCE - 2
No. 3:24-cv-508-TMC

MURPHY BALL STRATTON LLP
1001 Fannin Street, Suite 720
Houston, Texas 77002
(571) 525-4818

26, 2025). Non-retained experts testify only "based on personal knowledge." *Id.*; *see also Trulove v. D'Amico*, 2018 WL 1090248, at *3 (N.D. Cal. Feb. 27, 2018) (excluding non-retained experts for lacking "personal knowledge about the events giving rise to the litigation"). For example, "a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment." *Goodman*, 644 F.3d at 826.

LeDoux did not produce reports from Okano and Dezell because she claimed both were "non-retained expert witness[es]." Ex. J at 2–3. But neither have personal knowledge of the facts here.

At the hearing, LeDoux claimed that Okano would testify "about the amphetamine positive and what that means in terms of the 4,997 nanograms per milliliter, what that does or does not suggest in terms of when we can say, how much we can say, and that sort of thing," "how amphetamine is metabolized," and "how you would get" a positive urinalysis result. Ex. F at 31:24–32:3, 40:11–12. Yet, as LeDoux elicited during Okano's court-martial cross-examination, Dkt. 190-21 at 28:21–29:10, Okano has no personal knowledge of LeDoux's urinalysis and could only testify based "on information reviewed in anticipation for trial." *Amazon*, 2025 WL 2460658, at *4. Thus, Okano could only be a retained expert, and LeDoux has always known it.

Next, LeDoux told the Court that Dezell would have testified that LeDoux's positive urinalysis "was more likely than not [caused by] a Thesis product." Ex. F at 29:13–17. The Air Force barred Dezell's testimony in this matter. Dkt. 177 at 267. Still, LeDoux cites Dezell's testimony to excuse her Rule 26 violations for a different expert—Shippee. Ex. F at 29:22–25. Even if that machination were possible, it could not work here: Dezell's disclosure also violates Rule 26 in multiple ways. *Infra* Argument I(a)(2), (5). Dezell has no relevant personal knowledge. According to LeDoux, Dezell (a) "reviewed the Army's . . . laboratory testing" in the court-martial,

DEFENDANTS' MOTION TO STRIKE AND
EXCLUDE PLAINTIFF'S EXPERT EVIDENCE - 3
No. 3:24-cv-508-TMC

MURPHY BALL STRATTON LLP
1001 Fannin Street, Suite 720
Houston, Texas 77002
(571) 525-4818

(b) was present during Okano's court-martial testimony, (c) "was also present when Mr. John Travis testified about" LeDoux's NSF product testing, (d) is "aware that the [NSF] testing occurred in the Spring of 2022," and (e) "was not aware at the time of Major LeDoux's trial, but [is] aware now of more than one scientific study that calls into question the reliability of the [NSF] testing." Ex. L at 3–4. In short, Dezell was LeDoux's expert at the court-martial and has now conducted additional case-related research. His causation opinions thus derived solely from "information reviewed in anticipation for trial." *Amazon*, 2025 WL 2460658, at *4. Consequently, Dezell is a retained expert, *see Trulove*, 2018 WL 1090248, at *3, and LeDoux has long known that, too.

LeDoux's failure to produce reports from Okano and Dezell, by falsely designating them "non-retained," violates Rule 26.

### 2. LeDoux designated Okano and Dezell with no reasonable expectation they would testify.

Even pretending Okano and Dezell were non-retained experts exempt from reports, LeDoux could only designate them as experts if they were "expected to testify." FED. R. CIV. P. 26(a)(2)(C)(ii). But a party cannot "reasonably assert that . . . witnesses are expected to testify," much less "what the expected nature of their testimony is," if the party has "never spoken to" the non-retained witnesses. *Michel v. Yale Univ.*, 2022 WL 6493546, at *3 (D. Conn. Mar. 30, 2022); *see also Small v. Amgen, Inc.*, 2017 WL 5443912, at *4 (M.D. Fla. Feb. 15, 2017); *Houston v. Smith*, 2025 WL 2662960, at *4 (D. Colo. Sept. 17, 2025). That is "unfathomable." *Michel*, 2022 WL 6493546, at *3.

Yet that is what LeDoux did. She told the Court that Okano "has been disclosed to the defendants for a very long time." Ex. F at 32:4–5. But she omitted that as late as October 27—more than a month *after* LeDoux disclosed Okano—Okano had "not spoken to [Ms.] Stewart at

DEFENDANTS' MOTION TO STRIKE AND
EXCLUDE PLAINTIFF'S EXPERT EVIDENCE - 4
No. 3:24-cv-508-TMC

MURPHY BALL STRATTON LLP
1001 Fannin Street, Suite 720
Houston, Texas 77002
(571) 525-4818

all" and did "not know what this is about." Ex. D. This was not an isolated incident: LeDoux falsely disclosed another person, not at issue here, who was not her expert.[2]

Similarly, when LeDoux disclosed Air Force-member Dezell as a non-retained expert, Ex. J, she could not "reasonably assert" that Dezell was "expected to testify" because the military had not approved his testimony and LeDoux could not reasonably believe it would. *Michel*, 2022 WL 6493546, at *3. LeDoux requested military approval only eleven days before the expert-disclosure deadline. Ex. R. LeDoux should have known she would not receive approval: her counsel is a retired military officer who regularly blogs, podcasts, and writes books about military law. *See*, *e.g.*, Resources, LAW OFF. OF JOCELYN C. STEWART, https://www.ucmj-defender.com/resources. Military regulations presumptively bar expert testimony for private litigation. 32 C.F.R. § 516.49; DoD Instruction 5405.02 § 3.5 (2024); Air Force Instruction 51-301 § 3.13. Defendants asked LeDoux about military approvals at least seven times—and even warned her of instructions containing the presumptive bar. Dkt 121-1 at 221 (July 9); Ex. O (August 8); Dkt. 121-1 at 347 (August 12) & 132 (August 15); Ex. C (August 22 and August 26); Ex. P at 25:16–23 (August 29). So the military's denial of approval for Dezell on October 24 was not just predictable—it was predicted. *See* Dkt. 177 at 267.

In sum, LeDoux designated Okano and Dezell despite lacking authorization—from Okano and from the military, respectively. LeDoux therefore misrepresented that these individuals were "expected to testify" under Rule 26(a)(2)(C)(ii).

---

[2] Defendants spent months investigating whether John Travis was LeDoux's expert. LeDoux listed him as such in her initial disclosures, Ex. H at 7, but Travis's employer confirmed he was not one, Ex. B. Defendants repeatedly sought clarity from LeDoux. Ex. C. LeDoux then designated Travis as an expert. Ex. J at 5. LeDoux later removed Travis from her "Second Amended Initial Disclosures." Ex. M.

DEFENDANTS' MOTION TO STRIKE AND
EXCLUDE PLAINTIFF'S EXPERT EVIDENCE - 5
No. 3:24-cv-508-TMC

MURPHY BALL STRATTON LLP
1001 Fannin Street, Suite 720
Houston, Texas 77002
(571) 525-4818

### 3. LeDoux ambushed Defendants with a second Kababick report that offered 41 new opinions omitted by his first report.

Rule 26(a)(2)(B)(i) further demands that an expert report contain "a complete statement of all opinions the witness will express." Parties are "entitled to a complete disclosure of all opinions—not a sneak preview of a moving target." *Mariscal v. Graco, Inc.*, 52 F. Supp. 3d 973, 983 (N.D. Cal. 2014). Only a "complete" report ensures that "opposing counsel is not forced to depose an expert in order to avoid an ambush." *Rulffes v. Macy's W. Stores LLC*, 2023 WL 5623207, at *3–4 (W.D. Wash. Aug. 31, 2023).

Kababick's first report—disclosed as a rebuttal report on the October 22 rebuttal-expert deadline—was limited to rebutting Defendants' Alkemist testing and "express[ed] no opinion on" causation. Dkt. 177 at 204. During his November 7 deposition, Kababick again cabined his opinion to whether the Alkemist testing was "definitive proof" that Thesis's products do not contain Adderall® (a burden Defendants do not carry). Dkt. 177 at 388–389 (44:2–45:4). Kababick confirmed he was not opining that Thesis's products "more likely than not" contained Adderall®. *Id.*

After these concessions, LeDoux's counsel extensively redirected Kababick on previously undisclosed topics. *Id.* at 426–71 (82:14–127:23); 483–488 (139:17–144:8); *see also id.* at 479–480 (135:25–136:9) (Kababick admitting his report did not discuss the topics of LeDoux's redirect). In recross, Kababick confirmed he was a rebuttal expert—who did not know who he was rebutting—and that his only opinion was that Defendants' negative testing was not "definitive proof." *Id.* at 472–473 (128:12–129:25), 475–477 (131:25–133:2).

Kababick then suggested he might supplement. *Id.* at 477 (133:4–7). Defendants asked whether Kababick knew the deadline passed (he did) and whether Kababick had any outstanding
DEFENDANTS' MOTION TO STRIKE AND
EXCLUDE PLAINTIFF'S EXPERT EVIDENCE - 6
No. 3:24-cv-508-TMC

MURPHY BALL STRATTON LLP
1001 Fannin Street, Suite 720
Houston, Texas 77002
(571) 525-4818

requests to LeDoux that would require a late report (he did not). *Id.* at 477 (133:4–21). Finally, when asked why the many topics covered by LeDoux's questioning were not addressed in his report, Kababick explained that LeDoux had not previously raised those issues to him. *Id.* at 479–480 (135:25–136:9).

Nearly a month later, only hours before the summary-judgment hearing, LeDoux disclosed a second Kababick report. Ex. V; Ex. W. The report concedes that LeDoux had introduced "multiple topics beyond the scope of the Initial Report." Ex. V at 1. Yet it disclosed 41 new opinions for use in LeDoux's "case-in-chief." *Id.* The report then declares that Defendants' products "more likely than not" contained amphetamines. *Id.* at 15.

Thus, Kababick's first report self-confessedly violated Rule 26 by failing to disclose "all opinions." FED. R. CIV. P. 26(a)(2)(B)(i); *see also* Ex. V at 1. That report disclaimed the same opinions that Kababick later offered. *Compare* Dkt. 177 at 204 ("express[ing] no opinion on" causation) *with* Ex. V at 15 (opining Defendants' products "more likely than not" caused the positive urinalysis). It's too generous to label the first report "a sneak preview of a moving target." *Mariscal*, 52 F. Supp. 3d at 983. It was a bait-and-switch, given that even deposing Kababick did not prevent this "ambush." *Rulffes*, 2023 WL 5623207, at *4. When "plaintiff essentially 'lay-in-wait' and lobbed expert opinions on the affirmative elements of its claims into the case at the eleventh hour, when defendants would have no opportunity to respond," the "Rule 37(c) sanction is designed to curtail just such gamesmanship." *Animal Legal Def. Fund v. Olympic Game Farm, Inc.*, 2024 WL 1241037, at *7 (W.D. Wash. Mar. 22, 2024).

DEFENDANTS' MOTION TO STRIKE AND EXCLUDE PLAINTIFF'S EXPERT EVIDENCE - 7
No. 3:24-cv-508-TMC

MURPHY BALL STRATTON LLP
1001 Fannin Street, Suite 720
Houston, Texas 77002
(571) 525-4818

### 4. LeDoux withheld the facts and data on which Kababick's second report relies.

Rule 26(a)(2)(B)(ii) requires disclosure of "the facts or data considered by the witness." Kababick's second report purports to contain the materials he considered in "Appendix D." Ex. V at 16. But no such Appendix exists in the report or in correspondence from LeDoux's counsel. Ex. V; Ex. W. For this additional reason, Kababick's second report still has not been fully disclosed, in violation of Rule 26.

### 5. LeDoux disclosed Dezell's, Shippee's, and Kababick's expert opinions after the deadline.

Finally, a "party must make [expert] disclosures at the times and in the sequence that the court orders." FED. R. CIV. P. 26(a)(2)(D). The Court ordered the parties to disclose affirmative experts by September 22 and rebuttal experts by October 22. Dkt. 37 at 1.

LeDoux disclosed Kababick's second report on December 1 at 9:44 p.m.—the night before the summary-judgment hearing—violating Rule 26. Ex. W.

LeDoux disclosed Shippee's report on November 12—violating Rule 26. Ex. Z. At the summary-judgment hearing, LeDoux argued Shippee's late disclosure somehow "satisf[ied] the expert disclosure deadline of September 22nd" because, by that deadline, LeDoux had disclosed *Dezell*'s opinion that "it was more likely than not it [the source of Adderall] was a Thesis product." Ex. F at 29:13–17. But LeDoux cited no authority—and Defendants know of none—that allows Shippee to stand in Dezell's shoes for purposes of timeliness because Shippee "has essentially independently reached the same conclusions" as Dezell. *Id.* at 29:23–24. Testing expert evidence involves more than knowing the expert's ultimate conclusion; it requires knowing the expert's credentials, information sources, and methodology. It often requires a deposition. *Accord Qualey v. Pierce Cnty.*, 2025 WL 254810, at *3–4 (W.D. Wash. Jan. 21, 2025) (Cartwright, J.) ("The

DEFENDANTS' MOTION TO STRIKE AND EXCLUDE PLAINTIFF'S EXPERT EVIDENCE - 8
No. 3:24-cv-508-TMC

MURPHY BALL STRATTON LLP
1001 Fannin Street, Suite 720
Houston, Texas 77002
(571) 525-4818

purpose of Rule 26(a)(2)'s expert disclosure requirements is to eliminate surprise and provide the opposing party with enough information regarding the expert's opinions and methodology to prepare efficiently."). LeDoux would deprive Defendants of these means to test evidence.

Even more concerning, LeDoux's argument that Shippee relates back to Dezell on September 22 misleads the Court. Though Dezell was disclosed on the affirmative-expert deadline of September 22, *only Dezell's rebuttal designation on October 22 offered the opinion that Defendants' products "more likely than not" caused LeDoux's positive urinalysis*. Compare Ex. J at 2 (omitting this opinion) with Ex. L at 8 (offering this opinion).

Thus, even if Shippee somehow stepped into Dezell's shoes, it does LeDoux no good. If Dezell's report-less disclosure on October 22 is a case-in-chief opinion, it was untimely. Opinions are "truly rebuttal" only if "they are not necessary to prove elements of a claim on which plaintiff bears the burden of proof." *Animal Legal Def. Fund*, 2024 WL 1241037, at *7. Dezell's more-likely-than-not causation opinion on the rebuttal deadline is not rebuttal, but an untimely opinion on an element of LeDoux's case in chief. Alternatively, if Dezell's report was treated as rebuttal, it is irrelevant to summary judgment. *Infra* n. 3.

   **b. LeDoux cannot show that her violations were substantially justified or harmless.**

LeDoux bears the burden of proving that her Rule 26 violations were substantially justified or harmless. *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 52 F.4th 1054, 1072–73 (9th Cir. 2022). As the Court noted, "Ninth Circuit law is incredibly strict on substantial justification or harmlessness." Ex. F at 24:21–23. Courts find a lack of justification and harm where, for example, a Rule 26 violation (i) requires new depositions after the discovery deadline, *Allstate Indem. Co. v. Broan-Nutone LLC*, 2025 WL 691629, at *4–5 (W.D. Wash. Mar. 4, 2025) (Cartwright, J.); (ii) involves a late report offered to substantiate issues raised months earlier, *Daniel v. Coleman Co.*

DEFENDANTS' MOTION TO STRIKE AND EXCLUDE PLAINTIFF'S EXPERT EVIDENCE - 9
No. 3:24-cv-508-TMC

Murphy Ball Stratton LLP
1001 Fannin Street, Suite 720
Houston, Texas 77002
(571) 525-4818

*Inc.*, 599 F.3d 1045, 1049 (9th Cir. 2010); or (iii) requires the opposing party to hire a new rebuttal expert, *A.T. v. Seattle Sch. Dist. No. 1*, 2024 WL 1893495, at *1 (W.D. Wash. Apr. 30, 2024). All of this is present here.

*No substantial justification.* If LeDoux's violations are substantially justified, the law and rules mean nothing. She knew she needed a causation expert. She knew her disclosure deadlines. She knew of military regulations barring uniformed experts' participation in private litigation. She knew or should have known Rule 26's requirements. And since Defendants' summary-judgment motion on August 12, she has known exactly what evidence she lacked.

Yet she has repeatedly misled Defendants about the identity and nature of her experts. And she waited until September 11—after her original summary-judgment response deadline and just 11 days before her affirmative expert-disclosure deadline—to seek military approval for her hoped-for free uniformed experts. Then, on her affirmative-expert disclosure deadline, LeDoux did not designate any expert to opine that it was more likely than not that Thesis's products contained Adderall® that caused LeDoux's positive urinalysis. Instead, on a response deadline that the Court extended for her, she responded to Defendants' summary-judgment motion and intentionally omitted expert-causation evidence.

A few weeks later, on her rebuttal-expert deadline, she disclosed Dezell as a causation expert—which was not rebuttal, who was improperly designated as non-retained, and who could not have been reasonably expected to and will not testify. Defendants then deposed Kababick and confirmed his rebuttal status and lack of causation opinion. Two days later, LeDoux retained Shippee and within three days had magicked a signed yet unsworn expert report that seeks to fill gaps Defendants identified in Kababick's deposition and give a causation opinion. Nine days later,

DEFENDANTS' MOTION TO STRIKE AND EXCLUDE PLAINTIFF'S EXPERT EVIDENCE - 10
No. 3:24-cv-508-TMC

MURPHY BALL STRATTON LLP
1001 Fannin Street, Suite 720
Houston, Texas 77002
(571) 525-4818

discovery closed. Then, the night before the summary-judgment hearing, LeDoux disclosed a second Kababick report that likewise opines on causation.

Throughout all this, LeDoux never asked the Court to modify her expert deadlines or to supplement her summary-judgment response. She waited until the summary-judgment hearing, and the only explanation she gave the Court was, to paraphrase, "I thought I could survive summary judgment without it." Ex. F at 23:5–10. That is strategic regret, not substantial justification.

*Harm.* If this is harmless, that word also means nothing. After lying in wait for months, LeDoux would be rewarded with purported "expert" testimony that attempts to solve the problems long identified for her by Defendants' briefing, timely expert reports (because Defendants did not disingenuously label them non-retained), and deposition questioning.

Additionally, LeDoux's ambush cannot be fixed by even a drastic "extension" to the April trial date and remaining deadlines. Condoning this abuse would require a near re-do of discovery. Defendants would need to:

- reissue written party discovery targeting the late-disclosed topics;
- reconduct electronic collection for relevant evidence;
- move to compel in response to improper objections to discovery requests, which Defendants previously forewent due to the state of the evidence (no expert on causation);
- re-depose Kababick on new opinions;
- re-depose LeDoux on topics related to the new opinions;
- depose Shippee;
- subpoena third-party documents and testimony, including NSF International (whose testing Kababick and Shippee's late disclosures attack for the first time); and

DEFENDANTS' MOTION TO STRIKE AND
EXCLUDE PLAINTIFF'S EXPERT EVIDENCE - 11
No. 3:24-cv-508-TMC

MURPHY BALL STRATTON LLP
1001 Fannin Street, Suite 720
Houston, Texas 77002
(571) 525-4818

- feed all this to defense experts, possibly retain new experts, and serve new reports.

And that's all before *Daubert* challenges, which would necessarily follow because LeDoux's late-disclosed expert reports are absurd. Shippee and Kababick ignore many of the potential causes of LeDoux's urinalysis that LeDoux spoliated and now can never be tested, then base opinions that Thesis products "more likely than not" contained Adderall® on:

- a list of "mays," "possibles," and "coulds" from Defendants' business practices;
- no evidence that Thesis products or its supply chain contained Adderall; and
- no testing of their own (despite a client who still possesses Thesis supplements).

In short, the Court's schedule would be upended, costing Defendants more time and money, for expert reports not worth the paper they are hallucinated on.

\* \* \*

Because LeDoux has flouted Rule 26 in ways both unjustified and harmful, Rule 37 sanctions are appropriate. Rule 37(c)(1) automatically: (1) strikes each witness's designation, *see, e.g., Breining v. Ocwen Loan Servicing, LLC*, 2018 WL 4382204, at \*3 (E.D. Cal. Sept. 13, 2018); (2) strikes any expert evidence that the Court concludes is currently on the record, *see, e.g., Allstate*, 2025 WL 691629, at \*5; and (3) excludes any further evidence from these experts, *see, e.g., Abdullah v. Dacuycuy*, 2025 WL 1594399, at \*5 (E.D. Cal. May 22, 2025).

**II.     The Court should grant summary judgment on a record lacking expert causation evidence.**

"The Court cannot consider evidence not in the record on summary judgment." *Martin v. Pierce Cnty.*, 2024 WL 776000, at \*7 (W.D. Wash. Feb. 26, 2024) (Cartwright, J.). None of LeDoux's summary-judgment exhibits contain a more-likely-than-not causation opinion. Ex. F at 27:7 (LeDoux claiming "Shippee" and "Kababick"—who are not in the summary-judgment record—"get [her] there"). And the Court should decline to allow such purported evidence into the

DEFENDANTS' MOTION TO STRIKE AND
EXCLUDE PLAINTIFF'S EXPERT EVIDENCE - 12
No. 3:24-cv-508-TMC

MURPHY BALL STRATTON LLP
1001 Fannin Street, Suite 720
Houston, Texas 77002
(571) 525-4818

record now. Even in cases not rife with unjustified and harmful Rule 26 violations, to supplement a summary-judgment record, a party must show diligence in obtaining the evidence and that the opponent would not be unfairly prejudiced. *See, e.g.*, *Courkamp v. Fisher-Price Inc.*, 2022 WL 4448323 at *2 & n.1 (D. Ariz. Sept. 23, 2022).[3] LeDoux cannot show this. *Supra* Argument I.b. Indeed, she has already stated her (illegitimate) basis for supplementing: strategic regret. Ex. F at 23:5–10.

Remarkably, LeDoux is *still* attempting to change the summary-judgment record, with disregard for the Court's instructions. The Court instructed her to (i) e-file her summary-judgment exhibits that she "originally submitted" (and noted that only the few exhibits her brief cited for purported causation were necessary); and (ii) either amend her brief to add pin-cites, "no other changes," or file a separate document that lists pin-cites for exhibits. Ex. F at 37:19–38:10. But LeDoux e-filed all exhibits, and (i) surreptitiously changed five exhibits from unsworn declarations to sworn ones (because Defendants' summary-judgment brief argued unsworn declarations are not competent summary-judgment evidence),[4] (ii) added a signed declaration to an exhibit that originally lacked one, (iii) improved her exhibits with highlights, (iv) added new exhibit citations to her brief (not just pin-cites to existing citations), (v) added a substantive parenthetical to her

---

[3] In any case, LeDoux could not supplement the record with the rebuttal opinions of Dezell or Kababick, because "a party cannot rely on experts designated solely as rebuttal experts in their case-in-chief to avoid summary judgment." *Travelers Prop. Cas. Co. of Am. v. Ocean Reef Charters, LLC*, 568 F. Supp. 3d 1357, 1362 (S.D. Fla. 2021); *see also Amos v. Makita U.S.A., Inc.*, 2011 WL 43092, at *2 (D. Nev. Jan. 6, 2011)

[4] Had LeDoux's alterations gone unnoticed, the Court could have been misled to conclude that *Defendants* had falsely attacked an exhibit as unsworn.

DEFENDANTS' MOTION TO STRIKE AND
EXCLUDE PLAINTIFF'S EXPERT EVIDENCE - 13
No. 3:24-cv-508-TMC

Murphy Ball Stratton LLP
1001 Fannin Street, Suite 720
Houston, Texas 77002
(571) 525-4818

brief, (vi) failed to pin-cite the factual section of her brief, and (vii) filed a separate 11-page long exhibit list with additional arguments about what her exhibits show (Dkt. 190-1). *See* Ex. CC.

To be clear, nothing she's added changes the merits of the summary-judgment analysis. But it cost Defendants time and money to confirm that, and it underscores LeDoux's entrenched disregard for rules and orders.

Both because of Rule 37's sanction and her failure to meet the standard for supplementing summary-judgment records, LeDoux has no expert evidence that Thesis's products more likely than not contained Adderall® that caused LeDoux's injuries. Summary judgment remains appropriate without further delay.

### III. The Court should strike Kababick's first report and Shippee's report on AI-hallucination grounds.

Kababick's first report and Shippee's report should be stricken for another reason. Defendants refer the Court to Exhibit BB, which catalogues evidence of AI-hallucination in Docket 176. *See also* Dkt. 191 at 3 & 191-1 (detailing other LeDoux citation abuses). Kababick's first report and Shippee's report are exhibits to Docket 176. Dkt. 177 at 204–206, 288–315. Exhibit BB also catalogues hallucinations in Kababick's and Shippee's reports themselves. (The hallucinations extend to Kababick's second report. LeDoux has not yet attached it to a filing, but if she does so, it should be stricken.)

"Sanctions for Rule 11 violations involving citations to non-existent case law and misrepresenting the facts and holdings of cases have included, *inter alia*, monetary sanctions, striking filings, and referral to disciplinary authorities (or a combination thereof)." *Mavy v. Comm'r of Soc. Sec. Admin.*, 2025 WL 2355222, at *7 (D. Ariz. Aug. 14, 2025); *see also In re Martin,* 670 B.R. 636, 644 (N.D. Ill. Bankr. 2025) (collecting hallucination sanctions imposed by

DEFENDANTS' MOTION TO STRIKE AND
EXCLUDE PLAINTIFF'S EXPERT EVIDENCE - 14
No. 3:24-cv-508-TMC

MURPHY BALL STRATTON LLP
1001 Fannin Street, Suite 720
Houston, Texas 77002
(571) 525-4818

federal courts). At minimum, "striking the filing containing the fictitious citations" is appropriate. *United States v. Hayes*, 763 F. Supp. 3d 1054, 1071 (E.D. Cal. 2025) (collecting cases).

**IV.     Summary Judgment is Proper Regardless of the Violative Opinions.**

As the summary-judgment briefing establishes, LeDoux was taking: vitamins, Sudafed, Tylenol, Spironolactone, Zoloft, and food and drink. And while the untimely experts have proffered late "more likely than not" opinions, they omit analysis or even reference to: vitamins, Tylenol, Spironolactone, and food and drink. One would be enough, such as vitamins. That category of dietary supplements was never tested/preserved, and it remains unaddressed by the untimely experts. The Court should grant summary judgment for this reason, too.

**CONCLUSION**

The Court should strike and exclude from the case, including the summary-judgment record, all purported opinions from Okano, Dezell, Kababick, and Shippee. Defendants reserve their rights to seek additional sanctions for LeDoux's discovery violations and hallucinated filings. If the Court allows new evidence into the summary-judgment record, Defendants request to submit a supplemental brief fulsomely explaining why that evidence does not defeat summary judgment.

DEFENDANTS' MOTION TO STRIKE AND
EXCLUDE PLAINTIFF'S EXPERT EVIDENCE - 15
No. 3:24-cv-508-TMC

MURPHY BALL STRATTON LLP
1001 Fannin Street, Suite 720
Houston, Texas 77002
(571) 525-4818

The undersigned counsel certify that this memorandum contains 4183 words, in compliance with the Local Civil Rules.

Respectfully submitted,

MURPHY BALL STRATTON LLP

*/s/ Michelle Stratton*
Richard Houghton (TX Bar No. 24121678)
(admitted *pro hac vice*)
Dane Ball (TX Bar No. 24051642)
(admitted *pro hac vice*)
Michelle Stratton (TX Bar No. 24085606)
(admitted *pro hac vice*)
Christian McGuire (OK Bar No. 35334)
(admitted *pro hac vice*)
1001 Fannin Street, Suite 720
Houston, Texas 77002
Phone: (713) 594-9989
rhoughton@mbssmartlaw.com
dball@mbssmartlaw.com
mstratton@mbssmartlaw.com
cmcguire@mbssmartlaw.com

ARETE LAW GROUP PLLC

*/s/ Jeremy Roller*
Jeremy E. Roller (WSBA No. 32021)
600 University Street, Suite 2420
Seattle, Washington 98101
Phone: (206) 428-3250
jroller@aretelaw.com

*Attorneys for Defendant Outliers, Inc.*

---

DEFENDANTS' MOTION TO STRIKE AND EXCLUDE PLAINTIFF'S EXPERT EVIDENCE - 16
No. 3:24-cv-508-TMC

MURPHY BALL STRATTON LLP
1001 Fannin Street, Suite 720
Houston, Texas 77002
(571) 525-4818

GORDON REES SCULLY MANSUKHANI, LLP

*/s/ Kevin J. Craig*
Kevin J. Craig, WSBA No. 29932
kcraig@grsm.com
Laurie Friedl, WSBA No. 35598
lfriedl@grsm.com
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Seaasbestos@grsm.com
Phone: (206) 695-5100
Fax: (206) 689-2822

MANNING GROSS & MASSENBURG LLP

*/s/ Joshua Severit*
David J. Fisher, WSBA No. 39219
dfisher@mgmlaw.com
Joshua Severit (IL No. 6303962)
(admitted *pro hac vice*)
jseverit@mgmlaw.com
Daniel R. Olsen, WSBA No. 59759
dolsen@mgmlaw.com
1405 N. Green Mount Road, Suite 400
O'Fallon, IL 62269

*Attorneys for Defendants*
*Brand Nutraceuticals, Inc. and Brand Packaging Group, Inc.*

DEFENDANTS' MOTION TO STRIKE AND
EXCLUDE PLAINTIFF'S EXPERT EVIDENCE - 17
No. 3:24-cv-508-TMC

MURPHY BALL STRATTON LLP
1001 Fannin Street, Suite 720
Houston, Texas 77002
(571) 525-4818