Hon. Tiffany M. Cartwright

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOANN LEDOUX,<br>     Plaintiff,<br><br>   v.<br><br>OUTLIERS, INC., BRAND<br>NUTRACEUTICALS, INC., BRAND<br>PACKAGING GROUP, INC., and JOHN<br>AND JANE DOES 1–5,<br><br>     Defendants. | CASE NO. 3:24-cv-05808-TMC<br><br>**DEFENDANTS' *DAUBERT* MOTION TO STRIKE AND EXCLUDE PLAINTIFF'S PURPORTED EXPERT EVELYN CADMAN[1]**<br><br>NOTE ON MOTION CALENDAR:<br>February 10, 2026 |

## I. Introduction[2]

LeDoux's purported expert, Evelyn Cadman, does not offer admissible expert testimony under Federal Rule of Evidence 702. She offers only legal advocacy—applying federal statutes and regulations to alleged facts and pronouncing whether Defendants violated the law—telling the Court and jury what judgments to reach. That is not permitted. *E.g.*, *Strandquist v. Wash. State Dep't of Soc. & Health Servs.*, 2024 WL 4625337, at *5 (W.D. Wash. Oct. 30, 2024) (Cartwright,

---

[1] Defendants respectfully request that the Court consider their Motion for Summary Judgment before this *Daubert* Motion. If the Court concludes that LeDoux's claims based on alleged violations of the FDCA and FDA regulations are preempted or moot, Cadman's testimony would be irrelevant, rendering this motion moot.

[2] This Motion omits internal quotations, citations, and alterations, and it adds emphasis, in cited materials.

| | |
|---|---|
| *DAURBERT* MOTION TO STRIKE AND<br>EXCLUDE EVELYN CADMAN - 1<br>No. 3:24-cv-05808-TMC | MURPHY BALL STRATTON LLP<br>1001 Fannin, Suite 720<br>Houston, Tx 77002 |

J.). Because Cadman's report is legal argument masquerading as expert testimony, it should be excluded in its entirety.

## II.    Background

### A.  Cadman's retention, purported expertise, assignment, and methodology

LeDoux's claims rest in part on allegations that Defendants violated federal law governing dietary supplements, including provisions relating to "new dietary ingredients" ("NDIs"), marketing, labeling, and Current Good Manufacturing Practices ("cGMPs"). *See, e.g.*, Dkt. 45 at ¶¶ 27, 51.i–h, 52, 59–61, 67–70, 72–73, 77–78, 149, 152.a, 153.a, 161, 171, 190a, 191a.

To support those theories, LeDoux retained Cadman, a "regulatory consultant." Ex. A at PDF 2. She claims expertise in "[r]egulatory compliance for [a] wide range of FDA-regulated products." *Id.* at PDF 8. She does not claim expertise in pharmacology, toxicology, or chemistry. *Id.*

LeDoux did not ask Cadman to opine on any technical or scientific issue. *See id.* at PDF 2 ("I have not been asked to render a toxicological or forensic identification opinion concerning the specific chemical composition of the substance that triggered [LeDoux's] urinalysis result, and I express no opinion on that subject."). Nor did LeDoux ask Cadman to shed light on a disputed fact. *Id.* Instead, LeDoux asked her to "to render expert opinions regarding the regulatory status of the dietary supplement product sold to [LeDoux] by the defendants in this matter." *Id.* Cadman describes her methodology as "gathering relevant data, comparing it to established federal standards, and applying that framework reliably to the facts of this case." *Id.*

*DAURBERT* MOTION TO STRIKE AND
EXCLUDE EVELYN CADMAN - 2
No. 3:24-cv-05808-TMC

MURPHY BALL STRATTON LLP
1001 Fannin, Suite 720
Houston, Tx 77002

### B. Summary of Cadman's opinions

Consistent with that methodology, Cadman's report reads like a legal memorandum. She identifies federal statutes and FDA regulations, applies them to asserted facts, and then declares whether Defendants complied with that law. Specifically, Cadman opines that:

- Products sold to LeDoux were statutorily "adulterated" under 21 U.S.C. § 342(a)(1) and (a)(2)(C) and various FDA regulations. *Id.* at PDF 2

- Products sold to LeDoux contained NDIs for which a premarket notification was required under 21 U.S.C. § 350b and 21 C.F.R. § 190.6, but the notifications were not filed, and the alleged NDIs have not been shown to be safe. *Id.* at PDF 2–3.

- Product ingredients were improperly classified under 21 U.S.C. § 321(f) and 21 C.F.R. § 101.36 and 190.10. *Id.* at PDF 3.

- Product ingredients qualify as "drugs" under 21 U.S.C. § 321(g)(1), 21 C.F.R. § 201.128, and 21 C.F.R. § 310.3. *Id.*

- Products contained Zembrin, rendering them adulterated under 21 U.S.C. § 342(f)(1)(B). *Id.*

- Product packaging, labeling, and marketing violated the FDCA and FDA regulations, including 21 C.F.R. § 101.93(c), as well as DSHEA and FDA guidance. *Id.* at PDF 4.

- Practices, records, procedures, and product composition/potency violated cGMP regulations set forth in 21 C.F.R. Part 111. *See generally, id.* at PDF 4–6.

Cadman culminates her report with the legal judgment that "the product sold to [LeDoux] was not manufactured in compliance with federal law." *Id.* at PDF 6.

### III. Legal Standard

"Under Federal Rule of Evidence 702, a witness who is qualified as an expert by knowledge, skill, experience, training, or education may provide opinion testimony if the proponent demonstrates that it is more likely than not that the witness's knowledge will help the trier of fact understand the evidence or to determine a fact in issue." *Travelers Cas. Ins. Co. of Am. v. LMID, Inc.*, 2025 WL 1421274, at *2 (C.D. Cal. Apr. 18, 2025). "The proponents of expert

*DAURBERT* MOTION TO STRIKE AND
EXCLUDE EVELYN CADMAN - 3
No. 3:24-cv-05808-TMC

MURPHY BALL STRATTON LLP
1001 Fannin, Suite 720
Houston, Tx 77002

testimony bear the burden of establishing its admissibility over the objections of the opposing party by a preponderance of the evidence." *Qualey v. Pierce County*, 2025 WL 254810, at *3 (W.D. Wash. Jan. 21, 2025) (Cartwright, J.).

**IV.    Argument**

   **A.  Cadman's opinions are inadmissible legal conclusions and lawyer advocacy.**

   "Expert testimony that states legal conclusions or applies the law to the facts of the case is inadmissible." *Tetrault v. Cap. Grp. Cos.*, 2025 WL 3154657, at *4 (C.D. Cal. Aug. 20, 2025) ("Courts regularly exclude expert testimony where the expert states legal conclusions drawn by applying the law to the facts."); *see also Strandquist*, 2024 WL 4625337, at *5; *Harrington v. Dugar*, 2024 WL 590682, at *3 (C.D. Cal. Jan. 2, 2024) (deeming inadmissible expert report that purported "to survey the law and to apply the law, as explained, to the facts alleged in Defendant's Counterclaim" (cleaned up)); *cf. Zimmerman v. PeaceHealth*, 2025 WL 2458051, at *17 (W.D. Wash. Aug. 26, 2025) (Cartwright, J.) ("[A]s this Court has ruled before, Risch's conclusions about whether Defendant has established undue (or in this case, 'inordinate') hardship is an improper legal opinion."). "Such an opinion does not aid the jury in making its decision; it merely attempts to substitute the expert's judgment for that of the jury or the Court." *Qualey*, 2025 WL 254810, at *10 (cleaned up). That prohibition extends to "whether Defendant was in regulatory compliance with the FDA." *Georges v. Novartis Pharm. Corp.*, 2012 WL 9064768, at *9 (C.D. Cal. Nov. 2, 2012). Critical indicia of an expert violating these principles is her report "read[ing] much like a legal memorandum," *Enberg v. Am. Home Assurance*, 2013 WL 11821480, at *1 (D. Mont. Feb. 13, 2013), and "d[oing] no more than counsel for plaintiff will do in argument, *i.e.*, propound a particular interpretation of [defendant's] conduct," *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp.

*DAURBERT* MOTION TO STRIKE AND
EXCLUDE EVELYN CADMAN - 4
No. 3:24-cv-05808-TMC

MURPHY BALL STRATTON LLP
1001 Fannin, Suite 720
Houston, Tx 77002

2d 531, 551 (S.D.N.Y. 2004); *see also Scott v. Chipotle Mex. Grill, Inc.*, 315 F.R.D. 33, 48 (S.D.N.Y. 2016) ("[N]o expert may supplant the role of counsel in making argument at trial, and the role of the jury [in] interpreting the evidence.").Cadman's report does exactly what Rule 702 forbids: it applies statutes and regulations to asserted facts and announces legal conclusions.

A single example illustrates this defect that pervades her entire report. Cadman makes the legal judgment that "the product sold to [LeDoux] was adulterated" under the FDCA and its implementing regulations. Ex. A at PDF 2. She supports that conclusion by asserting that the product "contained one or more substances" qualifying as NDIs for which a premarket notification was required under federal law but lacking, and she concludes that this "renders the product adulterated" under the FDCA. *Id.* at PDF 2–3. That is a legal syllogism, not expert analysis. Whether a product is "adulterated" within the meaning of federal law is a legal determination for the Court and jury. It is not an appropriate subject of expert testimony.

Cadman proceeds in the same manner throughout. She declares that products contained "drugs" under federal law, were "misbranded under federal law," violated federal cGMP regulations, and were "not manufactured in compliance with federal law." *Id.* at PDF 3–6. Each opinion results from Cadman's stated methodology: applying law to facts and announcing a legal judgment. Taken as a whole, her report is nothing more than legal advocacy presented through a witness.

Rule 702 does not permit that maneuver. Because Cadman's opinions consist entirely of impermissible legal conclusions, they should be excluded in their entirety.

*DAURBERT* MOTION TO STRIKE AND
EXCLUDE EVELYN CADMAN - 5
No. 3:24-cv-05808-TMC

MURPHY BALL STRATTON LLP
1001 Fannin, Suite 720
Houston, Tx 77002

**B. Cadman's analysis is unreliable and unsupported.**

Even if Cadman's opinions were not excludable legal conclusions, they are inadmissible because they lack a reliable foundation. *See* Fed. R. Evid. 702 (b)–(c) (expert testimony must be "based on sufficient facts or data" and "the product of reliable principles and methods").

Cadman routinely fails to identify which product she analyzes (there are four at issue), which ingredients she alleges violates the law (there are many), what evidence she relies on (discovery here is voluminous), or what scientific or technical basis supports her assertions (she cites none). Cadman's support is her own ipse dixit. "But nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

For example, Cadman makes the legal judgment that "the product sold to [LeDoux] was adulterated as that term is defined in 21 U.S.C. § 342(a)(1) and (a)(2)(C), and under the implementing regulations at 21 C.F.R. Part 111 and 21 C.F.R. § 190.6." Ex. A at PDF 2. The reasons for that legal judgment are:

- The "product" "contained one or more substances that qualify as new dietary ingredients for which the 75-day premarket notification under 21 U.S.C. § 350b and 21 C.F.R. § 190.6 was not filed." *Id.* at PDF 2–3.

- "These substances have not been shown to be safe under the conditions of use recommended or suggested in the labeling." *Id.* at PDF 3.

- "[C]ertain ingredients in the product have pharmacological effects and are not appropriately classified as dietary ingredients." *Id.*

Yet Cadman does not identify which of the four products sold to LeDoux allegedly contain an NDI. She does not identify any alleged NDIs (save for Zembrin). She fails to show that the unidentified "substances" have "not been shown to be safe," nor does she have the expertise or

*DAURBERT* MOTION TO STRIKE AND
EXCLUDE EVELYN CADMAN - 6
No. 3:24-cv-05808-TMC

MURPHY BALL STRATTON LLP
1001 Fannin, Suite 720
Houston, Tx 77002

qualifications to do so. *Id*. And she fails to state which unidentified "ingredients . . . have pharmacological effects"—and, again, she lacks the expertise or qualifications to opine on pharmacology. *Id*. All the Court has, then, are generalized statements, unidentified products, unidentified ingredients, and Cadman's say so. That is not enough. *See Provident Life & Accident Ins. Co. v. Fleisher*, 18 F. App'x 554, 556 (9th Cir. 2001) (affirming refusal to admit expert report because the expert "did little more than baldly state" a conclusion, "offer[ed] absolutely no foundation for the conclusion," and did "not explain what, if any, scientific studies or principles support[ed] that conclusion").

Similar defects plague Cadman's remaining opinions. Take, for instance, her legal judgment that "the product at issue contained one or more substances that . . . meet the definition of a 'drug' under 21 U.S.C. § 321(g)(1)." Ex. A at PDF 3. Cadman's reasoning is:

- "Certain stimulant compounds . . . sold by the Defendants . . . have been the subject of FDA warning letters and regulatory findings." *Id.*

- "The FDA has concluded that such compounds are not lawful dietary ingredients, are not approved drugs, and in some cases have no recognized medical use in the United States." *Id.*

- "These substances are often included for their pharmacological effects." *Id.*

But Cadman identifies only three ingredients that were allegedly subject to FDA enforcement or findings, and she provides essentially no details about (or citations to) those purported regulatory actions. *Id.* She also fails to show that any Thesis ingredient has "pharmacological effects." *Id.* In short, Cadman's "drug" legal judgment is based only on unidentified FDA statements and her own *ipse dixit*—nothing else.

Cadman's standalone legal judgment about Zembrin (that it "renders the product adulterated" under the FDCA) flows from the same flawed analysis. *Id.* According to her, on an

*DAURBERT* MOTION TO STRIKE AND
EXCLUDE EVELYN CADMAN - 7
No. 3:24-cv-05808-TMC

MURPHY BALL STRATTON LLP
1001 Fannin, Suite 720
Houston, Tx 77002

unspecified date, the FDA rejected its proposed use by an unidentified company in an unidentified document because of "insufficient verification of safety for human consumption." *Id*. That is all. No independent analysis of any kind, much less citing the FDA document on which she relies.

As for Cadman's label/misbranding legal judgments, she asserts certain "claims represented the supplement as an alternative to prescription medications," concluding that the "representations exceed what is permitted for dietary supplements and render the product misbranded under federal law." *Id.* at PDF 4. Cadman asserts that "packaging did not provide a complete and transparent disclosure of all active ingredients or their sources and failed to include language sufficient to inform consumers of potential risks, interactions, or contraindications"— "[i]n particular, the label omitted any reference to the inclusion of substances that may function as central nervous system stimulants or other pharmacologically active compounds." *Id.* Missing are the controlling law; citations to any evidence; the actual statements Cadman considered; how they violate the unspecified legal standard(s); what ingredients the unidentified "packaging" failed to recite; the purportedly omitted "risks, interactions, or contraindications"; and how any Thesis ingredients "may function as central nervous system stimulants or pharmacologically active compounds."

Cadman likewise contends that "packaging did not include directions for safe use, warning language, or adverse event contact information, as is required under DSHEA and FDA guidance." *Id*. On the same score, she maintains that the "failure to include warnings about the inclusion of unapproved [NDIs] or the risk of contamination with pharmacologically active substances further rendered the product misbranded and unsafe for use as labeled"—so the labeling and packaging "failed to comply with FDA regulations." *Id.* Again, missing are the details, substance, and

*DAURBERT* MOTION TO STRIKE AND
EXCLUDE EVELYN CADMAN - 8
No. 3:24-cv-05808-TMC

MURPHY BALL STRATTON LLP
1001 Fannin, Suite 720
Houston, Tx 77002

analysis. No cites to, or quotes of, the guidance/regulations. No quotes or cites to the packaging/labeling. No scientific analysis showing risk of contamination. And no showing that the alleged packaging related to a product that contained an unlawful NDI.

Cadman's cGMP opinions are similarly deficient. *E.g.*, *id.* at PDF 5 (alleging Defendants' records and practices "did not conform to [cGMP] standards" without any details or citations to evidence, and with only broad, conclusory assertions); *id.* at 5–6 (alleging Thesis's products had inconsistent potency in violation of cGMP regulations but failing to identify a single instance in which that occurred, what the deviations were, what precise records she reviewed in arriving at her potency conclusions, whether she performed an independent analysis, whether she is qualified to opine on product composition/potency, and whether LeDoux received a product that departed from any specification).

The Court should exclude Cadman's opinions as unreliable.

**C.  Cadman's cGMP opinions are irrelevant.**

Cadman's cGMP opinions are independently inadmissible because they are irrelevant in light of the Court's grant of summary judgment barring LeDoux's claims to the extent they rely on amphetamine-adulteration allegations. Dkt. 202; *see also Carter v. Ethicon, Inc.*, 2021 WL 2696381, at *1 (D. Nev. Mar. 31, 2021) ("Expert testimony must be relevant . . . ."); *cf. Scott v. City of Tacom*a, 2025 WL 2579617, at *5 (W.D. Wash. Sept. 5, 2025) (Cartwright, J.) ("At the hearing, the Court issued an oral ruling granting Defendants' Motion to Exclude Plaintiff's expert . . . because her testimony was not relevant to Scott's claims."). The only theory under which alleged deficiencies in manufacturing controls, batch records, ingredient traceability, sourcing, or product variability mattered was LeDoux's claim that Defendants could not reliably identify

*DAURBERT* MOTION TO STRIKE AND
EXCLUDE EVELYN CADMAN - 9
No. 3:24-cv-05808-TMC

MURPHY BALL STRATTON LLP
1001 Fannin, Suite 720
Houston, Tx 77002

product contents and that LeDoux may have consumed undisclosed amphetamines. With LeDoux's amphetamine theory dismissed, Cadman's cGMP criticisms do not make any fact of consequence more or less probable. *See* Fed. R. Evid. 401–402. Her cGMP opinions, Ex. A at PDF 3– 6, should therefore be excluded.

## V.    Conclusion

For these reasons, the Court should strike or exclude Cadman's opinions.

The undersigned counsel certify that this memorandum contains 2,506 words, in compliance with the Local Civil Rules.

Respectfully submitted,

MURPHY BALL STRATTON LLP

*/s/ Richard Houghton*
Richard Houghton (TX Bar No. 24121678)
(admitted *pro hac vice*)
Dane Ball (TX Bar No. 24051642)
(admitted *pro hac vice)*
Michelle Stratton (TX Bar No. 24085606)
(admitted *pro hac vice*)
Christian McGuire (OK Bar No. 35334)
(admitted *pro hac vice*)
1001 Fannin Street, Suite 720
Houston, Texas 77002
Phone: (713) 594-9989
rhoughton@mbssmartlaw.com
dball@mbssmartlaw.com
mstratton@mbssmartlaw.com
cmcguire@mbssmartlaw.com

ARETE LAW GROUP PLLC

*/s/ Jeremy E. Roller*
Jeremy E. Roller (WSBA No. 32021)
600 University Street, Suite 2420
Seattle, Washington 98101
Phone: (206) 428-3250
jroller@aretelaw.com

*DAURBERT* MOTION TO STRIKE AND
EXCLUDE EVELYN CADMAN - 10
No. 3:24-cv-05808-TMC

MURPHY BALL STRATTON LLP
1001 Fannin, Suite 720
Houston, Tx 77002

*Attorneys for Defendant Outliers, Inc.*

MANNING GROSS & MASSENBURG LLP

*/s/ Joshua N. Severit*
David J. Fisher, WSBA No. 39219
dfisher@mgmlaw.com
Joshua Severit (IL No. 6303962)
(admitted *pro hac vice*)
jseverit@mgmlaw.com
Daniel R. Olsen, WSBA No. 59759
dolsen@mgmlaw.com
1405 N. Green Mount Road, Suite 400
O'Fallon, IL 62269

*Attorneys for Defendants*
*Brand Nutraceuticals, Inc. and Brand*
*Packaging Group, Inc.*

*DAURBERT* MOTION TO STRIKE AND
EXCLUDE EVELYN CADMAN - 11
No. 3:24-cv-05808-TMC

MURPHY BALL STRATTON LLP
1001 Fannin, Suite 720
Houston, Tx 77002