Hon. Tiffany M. Cartwright

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOANN LEDOUX,<br><br>                    Plaintiff,<br><br>        v.<br><br>OUTLIERS, INC., BRAND NUTRACEUTICALS, INC., BRAND PACKAGING GROUP, INC., and JOHN AND JANE DOES 1–5,<br><br>                    Defendants. | CASE NO. 3:24-cv-05808-TMC<br><br>**DEFENDANTS' *DAUBERT* MOTION TO STRIKE AND EXCLUDE PLAINTIFF'S PURPORTED EXPERT GABRIEL HOLGUIN**<br><br>NOTE ON MOTION CALENDAR:<br> February 10, 2026 |

## I.     Introduction[1]

The report of LeDoux's purported expert, Gabriel Holguin, contains AI hallucinations, rendering it unreliable under *Daubert*. And even if it did not, Holguin does not offer admissible expert testimony under Federal Rule of Evidence 702, which allows only testimony that will assist "the trier of fact to understand the evidence or to determine *a fact in issue*." Holguin's opinions relate only to LeDoux's amphetamines theory, which is no longer at issue after this Court's summary-judgment order. *See* Dkt. 202. The Court should exclude Holguin's testimony.

---

[1] This Motion omits internal quotations, citations, and alterations, and it adds emphasis in cited materials.

*DAUBERT* MOTION TO STRIKE AND
EXCLUDE GABRIEL HOLGUIN - 1
No. 3:24-cv-05808-TMC

Murphy Ball Stratton LLP
1001 Fannin, Suite 720
Houston, Tx 77002

## II.     Background

Holguin offers four opinions: (1) LeDoux suffered significant psychological distress from her positive amphetamine test and subsequent court martial, (2) LeDoux receiving an administrative flag for her positive amphetamine test, among other events, significantly injured her career and professional identity, (3) being labeled as a provider who tested positive for illegal amphetamines worsened LeDoux's psychological and functional outcomes, and (4) LeDoux experienced symptoms "consistent with the clinical course of stimulant/amphetamine withdrawal." Ex. A at 2–3.

After the Court dismissed LeDoux's amphetamine theory of causation and damages, Defendants asked LeDoux to clarify which experts she still intended to rely on. LeDoux listed Holguin. Defendants explained that Holguin is no longer relevant after the Court's summary judgment, but LeDoux insisted otherwise, necessitating this motion.

## III.    Legal Standard

"Under Federal Rule of Evidence 702, a witness who is qualified as an expert by knowledge, skill, experience, training, or education may provide opinion testimony if the proponent demonstrates that it is more likely than not that the witness's knowledge will help the trier of fact understand the evidence or to determine a fact in issue." *Travelers Cas. Ins. Co. of Am. v. LMID, Inc.*, 2025 WL 1421274, at *2 (C.D. Cal. Apr. 18, 2025). "The proponents of expert testimony bear the burden of establishing its admissibility over the objections of the opposing party by a preponderance of the evidence." *Qualey v. Pierce County*, 2025 WL 254810, at *3 (W.D. Wash. Jan. 21, 2025) (Cartwright, J.).

*DAUBERT* MOTION TO STRIKE AND
EXCLUDE GABRIEL HOLGUIN - 2
No. 3:24-cv-05808-TMC

MURPHY BALL STRATTON LLP
1001 Fannin, Suite 720
Houston, Tx 77002

IV.    **Argument**

**A. The Court should exclude Holguin because the AI hallucinations in Holguin's report render his opinions unreliable.**

Expert testimony is only admissible if it is reliable. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). When a purported expert report cites hallucinated sources, it "shatters his credibility" with the court, rendering the expert unreliable. *Kohls v. Ellison*, 2025 WL 66514, at *4 (D. Minn. Jan. 10, 2025). The minimum appropriate remedy, as with pleadings that rely on hallucinated information, is exclusion. *See id.* at *5 (excluding expert testimony that contained hallucinated citations); *see also Concord Music Grp., Inc. v. Anthropic PBC*, 2025 WL 1482734, at *3 (N.D. Cal. May 23, 2025) (striking portion of expert declaration that relied on hallucinated article citation); *accord Sauls v. Pierce Cnty.*, 2025 WL 3033958, at *3 n.1 (W.D. Wash. Oct. 30, 2025) (Cartwright, J.) (sanctions are appropriate when a party violates Rule 11 by "providing authority to the Court that does not actually exist"); *United States v. Hayes*, 763 F. Supp. 3d 1054, 1071 (E.D. Cal. 2025) ("striking the filing containing the fictitious citations" is appropriate) (collecting cases).

In preparing for this should-be-unnecessary motion, Defendants discovered that Holguin's report contains incorrect, hallucinated citations to scientific and scholarly literature and discovery. *See* Ex. B. That irreparably undermines Holguin's credibility, rendering his opinions unreliable. The Court may exclude his opinions on this basis alone.

**B. The Court should exclude Holguin because his opinions relate solely to LeDoux's now-dismissed amphetamines theory, rendering them irrelevant.**

Expert testimony is also only admissible if it is relevant. *See Daubert*, 509 U.S. at 597. "Expert testimony which does not relate to any issue to the case is not relevant." *Id*. at 591; *see*

*DAUBERT* MOTION TO STRIKE AND
EXCLUDE GABRIEL HOLGUIN - 3
No. 3:24-cv-05808-TMC

MURPHY BALL STRATTON LLP
1001 Fannin, Suite 720
Houston, Tx 77002

*also Murray v. Southern Route Maritime SA*, 870 F. 3d 915, 926 (9th Cir. 2017) ("Expert testimony should not be admitted" if it does not advance "a material aspect of" the case).

Holguin's first three opinions relate to LeDoux's court martial proceeding—the purported "Psychological Impact of Accusation, Investigation, and Trial," her "Identity disruption from career derailments and promotion/retention consequences," and her "Reputational stigma"—all of which flow from her amphetamine-positive urinalysis. Ex. A at 1–3. But the Court has dismissed LeDoux's claims against Defendants to the extent they rely on amphetamine adulteration and damages caused by LeDoux's positive test for amphetamines. *See* Dkt. 202 at 23. Holguin's first three opinions thus cannot assist the factfinder in resolving any "fact in issue." Fed. R. Evid. 702.

The same is true of his fourth and final opinion. Holguin opines that after ceasing Defendants' products, LeDoux experienced symptoms "consistent with the clinical course of stimulant/amphetamine withdrawal." Ex. A at 3. Again, the Court's summary-judgment order disposing of LeDoux's amphetamines theory renders that opinion irrelevant. Defendants expect LeDoux to argue that Holguin's unspecified reference to "stimulants" keeps his opinion relevant, but that's wrong. Holguin does not mention even one ingredient in Defendants' products, much less opine that it is a stimulant. *See generally* Ex. A. And the literature on which Holguin purports to have relied discusses only amphetamine withdrawal. Ex. A at PDF 42–43 (list of materials reviewed includes just one study on withdrawal, "chronic amphetamine" withdrawal in rats specifically). That demonstrates that (1) his opinions are truly cabined to amphetamines, and (2) even if he had another non-amphetamine opinion, it is unsupported by the underlying data he cites, which would be yet another basis for exclusion. *See General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) (courts properly exclude "opinion evidence that is connected to existing data only by

*DAUBERT* MOTION TO STRIKE AND
EXCLUDE GABRIEL HOLGUIN - 4
No. 3:24-cv-05808-TMC

MURPHY BALL STRATTON LLP
1001 Fannin, Suite 720
Houston, Tx 77002

the *ipse dixit* of the expert"); *Henricksen v. ConocoPhillips Co.*, 605 F. Supp. 2d 1142, 1154 (E.D. Wash. 2009) (excluding opinions where "there is simply too great an analytical gap" between the expert's opinion and the data he claims to rely on).

In sum, all of Holguin's opinions are irrelevant to any fact in issue and should be entirely excluded. But at bare minimum, the Court should bar Holguin from testifying about causation. An expert may not testify to causation when there is no "evidence in the record that [an expert] has any opinion on causation." *Luttrell v. Novartis Pharmaceuticals Corp.*, 894 F. Supp. 2d 1324, 1333–34 (E.D. Wash. 2012). And as this Court has held, causation requires expert testimony that Defendants' conduct "'probably' or 'more likely than not' caused the injury, rather than 'might have,' 'could have,' or 'possibly did.'" Dkt. 202 at 20. Here, Holguin opines only that LeDoux's symptoms were "consistent with" stimulant/amphetamine withdrawal, Ex. A at 3, which is not causation.

## V.   Conclusion

For these reasons, the Court should strike and exclude Holguin's opinions.

The undersigned counsel certify that this memorandum contains 1118 words, in compliance with the Local Civil Rules.

Respectfully submitted,

MURPHY BALL STRATTON LLP

*/s/ Richard Houghton*
Richard Houghton (TX Bar No. 24121678)
(admitted *pro hac vice*)
Dane Ball (TX Bar No. 24051642)
(admitted *pro hac vice)*
Michelle Stratton (TX Bar No. 24085606)
(admitted *pro hac vice*)

*DAUBERT* MOTION TO STRIKE AND
EXCLUDE GABRIEL HOLGUIN - 5
No. 3:24-cv-05808-TMC

MURPHY BALL STRATTON LLP
1001 Fannin, Suite 720
Houston, Tx 77002

Christian McGuire (OK Bar No. 35334)
(admitted *pro hac vice*)
1001 Fannin Street, Suite 720
Houston, Texas 77002
Phone: (713) 594-9989
rhoughton@mbssmartlaw.com
dball@mbssmartlaw.com
mstratton@mbssmartlaw.com
cmcguire@mbssmartlaw.com

ARETE LAW GROUP PLLC

 */s/ Jeremy E. Roller*
Jeremy E. Roller (WSBA No. 32021)
600 University Street, Suite 2420
Seattle, Washington 98101
Phone: (206) 428-3250
jroller@aretelaw.com

*Attorneys for Defendant Outliers, Inc.*

MANNING GROSS & MASSENBURG LLP

*/s/ Joshua Severit*
David J. Fisher, WSBA No. 39219
dfisher@mgmlaw.com
Joshua Severit (IL No. 6303962)
(admitted *pro hac vice*)
 jseverit@mgmlaw.com
 Daniel R. Olsen, WSBA No. 59759
 dolsen@mgmlaw.com
 1405 N. Green Mount Road, Suite 400
 O'Fallon, IL 62269

*Attorneys for Defendants*
*Brand Nutraceuticals, Inc. and Brand*
*Packaging Group, Inc.*

*DAUBERT* MOTION TO STRIKE AND
EXCLUDE GABRIEL HOLGUIN - 6
No. 3:24-cv-05808-TMC

MURPHY BALL STRATTON LLP
1001 Fannin, Suite 720
Houston, Tx 77002