Hon. Tiffany M. Cartwright

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOANN LEDOUX,

        Plaintiff,

    v.

OUTLIERS, INC., BRAND
NUTRACEUTICALS, INC., BRAND
PACKAGING GROUP, INC., and
JOHN AND JANE DOES 1–5,

        Defendants.

CASE NO. 3:24-cv-5808-TMC

**JOINT STATUS REPORT**

On February 11, 2026, the Court directed the parties to meet and confer by February 17, 2026 to discuss whether the current trial date is viable and then file a Joint Status Report. Dkt. 227. The parties have done so and, below, set forth their respective positions:

**Defendants' Position:** Defendants remain ready for trial on April 20, 2026. Dkt. 37 at 1. Despite their readiness, Defendants recognize that under the current schedule, the parties will incur substantial costs to prepare for trial while awaiting summary-judgment and expert rulings that could dispose of the entire matter or meaningfully narrow the issues for trial. Defendants also recognize the Court's heavy docket and that the Court may need more time than the current schedule permits to rule on pending motions. For these reasons, Defendants agree to a continuance of approximately three months, with certain conditions set out below that are necessitated by

JOINT STATUS REPORT - 1
No. 3:24-cv-05808-TMC

Plaintiff's litigation tactics in this case. Defendants are available during August and September 2026. The current 10-day trial setting is unnecessary in light of the Court's previous summary-judgment ruling. Dkt. 202. The parties can complete trial within a few days and, at most, within one calendar week.

The issues above have been caused by Plaintiff's actions in this case, which led to a delay of months. Because Plaintiff caused the delay leading to this potential continuance, and because the potential continuance's purpose is to avoid unnecessary costs, Defendants request that: (1) Plaintiff be required to seek leave before filing future submissions except those on the Court's scheduling order, Dkt. 37; and (2) if entered, a continuance cannot be used as a basis for Plaintiff to seek future relief or reconsideration of previous rulings.

Plaintiff does not concur with the above "filing limitation." And in noting her disagreement, she foreshadows that a continuance likely will be followed by costly motion practice—including to reopen discovery—instead of pretrial preparation. Plaintiff should not be allowed to cause a continuance and then benefit from it; and a continuance meant to avoid unnecessary cost should not pave the way to additional costly pretrial litigation, only to be followed by later trial preparation. That would increase, not decrease, the cost of litigation. Thus, unfortunately, and due to Plaintiff's position below, Defendants agree to a continuance if granted with the two requested limitations, but must object to any continuance without them.

**Plaintiff's Position:** <u>Continuance</u> - Plaintiff does not object to a continuance, particularly in light of pending rulings on motions that challenge remaining expert witnesses, summary judgment, and the Plaintiff's motion for lesser sanctions.

<u>Days for Trial</u> - While Plaintiff recognizes that the Court's order that dismissed the amphetamine pathway has streamlined the case, out of an abundance of caution, Plaintiff

JOINT STATUS REPORT - 2
No. 3:24-cv-05808-TMC

believes we should maintain the 10-day set. The Court can always end the trial sooner than scheduled, but it would perhaps be imprudent to rely on a 5-day schedule only later to need additional days to complete the trial.

Availability, if Continued – In reviewing the Defendants' proposal of August and September 2026, Plaintiff would be available from August 24 to September 4, 2026, understanding Labor Day falls within that period. Plaintiff would also be available from September 14 to September 25, 2026. [Ms. Cadman is not available the week of September 28, 2026]. Plaintiff can solicit our experts and review our calendar for additional dates of availability into October if the Court believes we should.

Filing Limitations – Plaintiff does not concur with a filing limitation. Matters outside Plaintiff's control may necessitate additional filings. For example, Plaintiff was recently notified that part of Plaintiff's original 2021 urine sample was not destroyed, as previously related to us. Plaintiff notified the Defendants, and we imagine this fact alone may prompt Plaintiff and/or the Defendants to seek the reopening of discovery.

Respectfully submitted,

MURPHY BALL STRATTON LLP

/s/ Richard Houghton
Richard Houghton (TX Bar No. 24121678) (*pro hac vice*)
Dane Ball (TX Bar No. 24051642)
(admitted *pro hac vice)*
Michelle Stratton (TX Bar No. 24085606) (*pro hac vice*)
Christian McGuire (OK Bar No. 35334) (*pro hac vice*)
1001 Fannin Street, Suite 720
Houston, Texas 77002
Phone: (713) 594-9989
rhoughton@mbssmartlaw.com
dball@mbssmartlaw.com

/s/ Jocelyn Stewart
Jocelyn Stewart (WA 58100)

*Attorney for Plaintiff*

JOINT STATUS REPORT - 3
No. 3:24-cv-05808-TMC

mstratton@mbssmartlaw.com
cmcguire@mbssmartlaw.com

ARETE LAW GROUP PLLC

 /s/ Jeremy E. Roller
Jeremy E. Roller (WSBA No. 32021)
600 University Street, Suite 2420
Seattle, Washington 98101
Phone: (206) 428-3250
jroller@aretelaw.com

*Attorneys for Defendant Outliers, Inc.*

MANNING GROSS & MASSENBURG LLP

*/s/ Joshua Severit*
David J. Fisher, WSBA No. 39219
dfisher@mgmlaw.com
Joshua Severit (IL No. 6303962)
(admitted *pro hac vice*)
 jseverit@mgmlaw.com
 Daniel R. Olsen, WSBA No. 59759
 dolsen@mgmlaw.com
 1405 N. Green Mount Road, Suite 400
 O'Fallon, IL 62269

*Attorneys for Defendants*
*Brand Nutraceuticals, Inc. and Brand Packaging Group, Inc.*

JOINT STATUS REPORT - 4
No. 3:24-cv-05808-TMC