UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOANN LEDOUX, | Case No. 3:24-cv-05808-TMC |
| Plaintiff, | ORDER GRANTING STAY |
| v. | |
| OUTLIERS, INC. (d/b/a THESIS, THESIS NOOTROPICS, FIND MY FORMULA, and FORMULA), a Delaware Corporation; DANIEL FREED, individually; MATT RUBIN, individually; BRAND NUTRACEUTICALS, INC. (d/b/a BRAND NUTRA), a New York Corporation; BRAND PACKAGING GRO, Defendants. | |

## I.    ORDER

On March 16, 2026, this Court held a status hearing at the request of Defendants. *See* Dkts. 247, 250. The Court had previously granted a continuance of the trial date and pretrial deadlines to accommodate the medical condition and treatment of Plaintiff's counsel. *See* Dkts. 236–242. As the Court summarized on the record at the status hearing, after that continuance was granted, Defendants brought to the Court's attention communications with Plaintiff's counsel that raised questions about whether her medical condition is materially impairing her ability to represent her client. These communications included a statement from a

ORDER GRANTING STAY - 1

paralegal working with Plaintiff's counsel suggesting that due to her medical condition, she could not provide legal advice to her client or communicate settlement offers.

Under this Court's local rules, attorneys practicing before this Court must be familiar with and comply with the Washington Rules of Professional Conduct. W.D. Wash. Local Civ. R. 83.3(a)(2). Those rules provide that a lawyer shall withdraw from a representation if "the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client." Wash. R. Pro. Conduct 1.16(a)(2). The Court's local rules further provide:

> When an attorney suddenly becomes unable to act in a case due to death, incapacity, removal or suspension, the party for whom he or she was acting as attorney must, *before any further proceedings are had in the action on his or her behalf*, unless such party is already represented by another attorney, (i) appoint another attorney who must enter an appearance in accordance with subsection (a) or (ii) seek an order of substitution to proceed pro se in accordance with subsection (b)(5).

W.D. Wash. Local Civ. R. 83.2(b)(6) (emphasis added). While Plaintiff's counsel offered an explanation for the concerning communication at the status conference, that communication combined with counsel's description of her medical condition is sufficiently serious that the Court believes a short stay of this litigation is necessary "before any further proceedings are had in the action." *See id.*

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (collecting cases). A district court generally has "broad discretion to stay proceedings" as incident to this authority. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citation omitted). Here, the Court finds a stay of no more than 60 days is warranted to allow Plaintiff LeDoux time to consult with her current counsel, consult with different potential attorneys if she so chooses, and decide how she wishes to proceed with this case. As discussed at the status

ORDER GRANTING STAY - 2

conference, Ms. LeDoux may also wish to consult an independent attorney about the recent settlement offers communicated by Defendants. If her current counsel consents, or she seeks permission of the Court, Ms. LeDoux may also seek to communicate directly with defense counsel about settlement. *See* Wash. R. Pro. Conduct 4.2.

The Court therefore ORDERS as follows:

1. This action is STAYED until May 15, 2026.

2. During the stay, the Court will not rule on any pending motions, and the parties shall not file any motions unless they relate to this stay order.

3. All pending motions (Dkts. 178, 206, 207, 208, 215, 248) are re-noted for May 15, 2026.

4. No later than May 15, 2026, Plaintiff shall file a status report informing the Court whether (a) she will continue to be represented by her current counsel; (b) she intends to hire new counsel to represent her; or (c) she wishes to represent herself. If Plaintiff chooses to continue with her current counsel, counsel shall file a declaration (1) attesting to her capacity to continue the representation in compliance with this Court's rules and the rules of professional conduct and (2) informing the Court of any requests for accommodation of her medical condition.

5. If Plaintiff obtains new counsel during the stay, new counsel may also simply file a notice of appearance so long as it complies with Local Civil Rule 83.2.

6. After the stay expires, the Court will determine whether there is good cause to further adjust the trial date and other pretrial deadlines. Those deadlines will otherwise remain as set at Dkt. 242, with the exception that the joint status report previously due by April 27, 2026 is no longer required.

ORDER GRANTING STAY - 3

7. During the stay, the parties can continue settlement negotiations only once it is clear to all parties who represents Ms. LeDoux for the purpose of settlement communications.

8. If at anytime the parties believe the assistance of a U.S. Magistrate Judge would facilitate settlement negotiations, they may request that through an email to the courtroom deputy. Any such request must also make clear who is representing Ms. LeDoux for the purpose of settlement negotiations.

Dated this 16th day of March, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING STAY - 4