UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOANN LEDOUX, | Case No. 3:24-cv-05808-TMC |
| Plaintiff, | ORDER DENYING MOTION TO STRIKE AFFIRMATIVE DEFENSES |
| v. | |
| OUTLIERS, INC. (d/b/a THESIS, THESIS NOOTROPICS, FIND MY FORMULA, and FORMULA), et al., | |
| Defendants. | |

## I.    ORDER

Before the Court is Plaintiff Joann LeDoux's motion to strike affirmative defenses under Federal Rule of Civil Procedure 12(f).[1] Dkt. 178. Plaintiff's motion contains false case citations which she admits were hallucinated by an artificial intelligence program, *see* Dkt. 245 at 21–24; exceeds the allowed word count by about 30 percent, Dkt. 191 at 4–5, Dkt. 195 at 3; and is untimely as to Defendants Brand Nutraceuticals, Inc. and Brand Packaging Group, Inc. (together, "Brand"). Dkt. 191 at 4. Even ignoring these defects, Plaintiff's substantive arguments fail.

---

[1] The Court previously discussed the facts of this case in detail and will not do so again here. Dkt. 202 at 2–8.

ORDER DENYING MOTION TO STRIKE AFFIRMATIVE DEFENSES - 1

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "When considering a motion to strike, the court must view the pleadings in the light most favorable to the pleading party." *Lister v. Hyatt Corp.*, No. C18-0961JLR, 2019 WL 5190893, at *3 (W.D. Wash. Oct. 15, 2019).

An affirmative defense is insufficiently pled if it fails to provide the plaintiff "fair notice" of the defense asserted. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). "Although an affirmative defense is not required to meet the *Iqbal/Twombly* standard, it 'must be supported by at least some facts indicating the grounds on which the defense is based.'" *Washington v. Alderwood Surgical Ctr., LLC*, No. C22-1835RSM, 2023 WL 3687053, at *2 (W.D. Wash. May 26, 2023) (first citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); then citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); and then quoting *Grande v. U.S. Bank Nat'l Ass'n*, No. C19-333 MJP, 2020 WL 2063663, at *2 (W.D. Wash. Apr. 29, 2020)).

Plaintiff challenges the second, third, seventh, and eighth affirmative defenses asserted by Defendant Outliers, Inc. ("Thesis") and the first, second, and third affirmative defenses asserted by Brand. Dkt. 178 at 7–8; *see* Dkt. 99 at 15–16; Dkt. 172 at 18–19.

Thesis's second affirmative defense (comparative/contributory negligence) is adequately pled. "In an action based on fault seeking to recover damages for injury or death to person or harm to property, any contributory fault chargeable to the claimant diminishes proportionately the amount awarded as compensatory damages for an injury attributable to the claimant's contributory fault, but does not bar recovery." *Preston v. Boyer*, No. C16-1106-JCC, 2020 WL 416269, at *4 (W.D. Wash. Jan. 24, 2020) (quoting RCW 4.22.005). "A defendant may thus assert the contributory fault of a plaintiff as an affirmative defense." *Id*. (citing *Hendrickson v. Moses Lake Sch. Dist.*, 192 Wn.2d 269, 284, 428 P.3d 1197 (2018)). Plaintiff's argument that the

ORDER DENYING MOTION TO STRIKE AFFIRMATIVE DEFENSES - 2

defense is improper "because it merely contests an element of Plaintiff's prima facie case . . . [and] is internally inconsistent with Defendants' other affirmative defenses" therefore fails. Dkt. 178 at 7.

Thesis's third affirmative defense (third-party causation) is adequately pled. "The defense of third party fault is an affirmative defense." *Butler v. Thomsen*, 7 Wn. App. 2d 1001, 2018 WL 6918832, at *8 (2018) (citing *Wuth ex rel. Kessler v. Lab. Corp. of Am.*, 189 Wn. App. 660, 701–02, 359 P.3d 841 (2015)). Plaintiff's argument that the defense "amounts to nothing more than a denial of liability" therefore fails. Dkt. 178 at 7. Plaintiff also argues that Defendants—having not named a specific third party they believe to be responsible for Plaintiff's positive drug test—did not plead this defense with adequate specificity to provide her with notice. *See* Dkt. 195 at 7 ("Defendants [must] provide at least some facts indicating the grounds on which the defense is based." (quoting *Hennessey v. Radius Glob. Sols. LLC*, No. 3:24-CV-05654-DGE, 2024 WL 4696134, at *2 (W.D. Wash. Nov. 6, 2024))). Defendants provided adequate notice by asserting that Plaintiff's ingestion of Adderall may have caused her to test positive for amphetamines. Dkt. 172 at 18. While Plaintiff is correct that such a defense may ultimately fail for lack of scientific evidence, *see* Dkt. 178 at 7, it surpasses the low bar imposed by Rule 12(f).[2]

Thesis's eighth affirmative defense[3] (unclean hands) is adequately pled. Although Plaintiff argues that "[a] military panel, after a full adversarial trial, acquitted [her] of knowingly

---

[2] The Court does not address Defendants' argument that it may consider documents outside the pleadings for the purpose of determining whether a defense gives adequate notice under Rule 12(f). Dkt. 191 at 11.

[3] Plaintiff challenges Thesis's seventh affirmative defense but quotes text which does not appear in that defense or anywhere in the answer. Dkt. 178 at 14 (citing Dkt. 172). Page 32, which Plaintiff cites, also does not appear in the answer. *Id*.; *see* Dkt. 172. In any event, Plaintiff's challenge to this defense contains the same argument as her challenge to Thesis's third defense— that Thesis did not provide fair notice—and fails for the same reasons.

ORDER DENYING MOTION TO STRIKE AFFIRMATIVE DEFENSES - 3

using amphetamines," Dkt. 195 at 6, her acquittal does not make frivolous a defense on that basis in a separate civil matter. Plaintiff's argument amounts to a factual disagreement with the defense inappropriate for a Rule 12(f) motion. *Kilroy v. Los Angeles Unified Sch. Dist. Bd. of Educ.*, No. CV 13-6373 DMG (FFM), 2016 WL 11758053, at *1 (C.D. Cal. Mar. 18, 2016) ("Attacking the truth of an allegation is an improper use of Rule 12(f).").

Finally, Brand asserts many of the same affirmative defenses as Thesis. Dkt. 99 at 15–16. Plaintiff's arguments against these, *see* Dkt. 178 at 8, fail for the same reasons.

For the reasons stated above, the Court DENIES Plaintiff's motion to strike affirmative defenses (Dkt. 178).

Dated this 8th day of July, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER DENYING MOTION TO STRIKE AFFIRMATIVE DEFENSES - 4