UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOANN LEDOUX,

              Plaintiff,

    v.

OUTLIERS, INC. (d/b/a THESIS, THESIS
NOOTROPICS, FIND MY FORMULA, and
FORMULA), et al.,

              Defendants.

Case No. 3:24-cv-05808-TMC

ORDER DENYING MOTION FOR
RECONSIDERATION

Before the Court is Plaintiff Joann LeDoux's motion for lesser sanctions (Dkt. 215), which this Court construes as a motion for reconsideration of its earlier partial summary judgment against her. Dkts. 202, 221. Because Plaintiff has not shown manifest error in the Court's ruling, or new facts or legal authority that could not have been brought to the Court's attention earlier with reasonable diligence, the motion for reconsideration is DENIED.

## I.    BACKGROUND

Between March and September 2021, Plaintiff Joann LeDoux, a nurse for the Army, purchased Defendants' nootropic supplement kits. Dkt. 45 ¶ 100; Dkt. 113-1 at 239–41. Plaintiff alleges these supplements were adulterated with amphetamines and other ingredients that Defendants failed to disclose. Dkt. 45 ¶¶ 92–94.

ORDER DENYING MOTION FOR RECONSIDERATION - 1

On January 9, 2026, the Court granted partial summary judgment against Plaintiff, dismissing all claims that relied on her primary theory of liability—that Defendants' supplements caused her to test positive on a routine urinalysis and resulted in a court martial, a missed promotion, and various other damages. Dkt. 202 at 1–2 (citing Dkt. 45 ¶¶ 100–38). In doing so, the Court granted Defendants' motion to exclude Plaintiff's expert evidence[1] and relied on Plaintiff's lack of expert evidence to dismiss some of her claims. *Id*. at 12–21. Specifically, the Court found that Plaintiff failed to disclose expert reports pursuant to Federal Rule of Civil Procedure 26(a)(2)(B), that her failure was not substantially justified or harmless, and that her urinalysis theory failed because it posed "medically complex questions" requiring expert testimony under Washington law. *Id*. at 12–13.

Parallel to the parties' summary judgment briefing, Defendants expressed concerns that Plaintiff's submissions, including her expert reports, contained false citations that were "hallucinated" by a generative artificial intelligence program. Dkt. 191; Dkt. 194 at 14–15; Dkt. 194-17; Dkt. 201 at 1–2. The Court did not address these assertions in granting summary judgment. Dkt. 202 at 20 n.6. On February 4, 2026, the Court ordered Plaintiff's counsel, Jocelyn Stewart, to show cause in writing why she should not be sanctioned pursuant to Rule 11 for "dozens of inaccurate factual and legal citations across at least five different filings." Dkt. 209 at 6. Ms. Stewart filed a signed affidavit on March 4, 2026, explaining that she had used two artificial intelligence programs—ChatGPT and Claude—to generate the false citations, that she was unaware of any falsities when she submitted the documents, and that she "accept[s] full responsibility for the errors" and "changed [her] practices to ensure this does not happen again."

---

[1] The expert reports from Steven Dezell, Catherine Okano, Ronald Shippee, and the second expert report from James Kababick. Dkt. 202 at 2.

ORDER DENYING MOTION FOR RECONSIDERATION - 2

*Id.* at 33. The Court has not yet addressed whether to impose sanctions under Rule 11 based on Ms. Stewart's response.

Plaintiff filed the present motion on February 2, 2026.[2] Dkt. 215. Styling the motion as one for lesser sanctions, Plaintiff does not contest the Court's finding that she violated Rule 26(a) but asks that the Court not exclude the faulty expert evidence under Rule 37(c)(1). *Id.* Specifically, Plaintiff asks the Court to allow her to use Dr. Shippee's expert report, Mr. Kababick's second report, and Dr. Okano's testimony from Plaintiff's court martial. *Id.* at 18. She proposes that the Court issue monetary sanctions against her instead. *Id.* Because Plaintiff disputes the Court's Rule 37(c)(1) sanctions against her, the Court construes the present motion as a motion for reconsideration.

## II.    LEGAL STANDARD

Under this District's Local Civil Rules, "[m]otions for reconsideration are disfavored," and "[t]he court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Civil Rule 7(h)(1). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (alteration in original) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). "Clear error occurs when the reviewing

---

[2] On March 16, 2026, the Court granted a 60-day stay based on the medical condition of Ms. Stewart (disclosed in a sealed filing, Dkt. 238) and the Court's concern that this condition could impact her ability to represent Plaintiff. Dkt. 251. The case resumed on June 1, 2026, after Plaintiff hired Mr. Eric Fong as lead counsel, with Ms. Stewart remaining on the case with him. Dkt. 257.

ORDER DENYING MOTION FOR RECONSIDERATION - 3

court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (citation modified). "A motion for reconsideration is not intended to provide litigants with a second bite at the apple." *Stevens v. Pierce County*, No. C22-5862 BHS, 2023 WL 6807204, at *2 (W.D. Wash. Oct. 16, 2023).

### III.    DISCUSSION

Citing *R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, Plaintiff correctly argues that courts must consider the availability of lesser sanctions when expert exclusion under Rule 37(c)(1) would "deal[] a fatal blow" to a party's claim. Dkt. 215 at 6 (quoting 673 F.3d 1240, 1247 (9th Cir. 2012)). "And in moving for reconsideration," Plaintiff has properly availed herself "of the opportunity to seek a lesser sanction." *Merch. v. Corizon Health, Inc.*, 993 F.3d 733, 742 (9th Cir. 2021) (citing *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 705 (8th Cir. 2018)). The Court therefore considers her request here. In doing so, the Court must address "(1) whether the claimed noncompliance involved willfulness, fault, or bad faith and (2) the availability of lesser sanctions." *Merch.*, 993 F.3d at 740–41.

### A.    Plaintiff's discovery noncompliance was willful.

"[D]isobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault." *United Auto Credit Corp. v. Stewart*, No. 8:25-CV-00065-RGK-ADS, 2026 WL 1694812, at *4 (C.D. Cal. May 12, 2026) (quoting *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993)). In addressing willfulness, Plaintiff argues that her failure to timely provide the challenged evidence was due to the U.S. Air Force's decision to prevent Dr. Dezell from testifying. Dkt. 215 at 9. According to Plaintiff, "[e]ach remaining disclosure issue flows from the Dezell denial." *Id*. at 10. "There was no pattern of

ORDER DENYING MOTION FOR RECONSIDERATION - 4

evasion, no willful refusal of court orders, no tactical gamesmanship, and no abandonment." *Id*.

The Court addressed similar arguments in its summary judgment order:

> Plaintiff was aware that Dr. Dezell would likely not be available to testify. Plaintiff contacted Dr. Dezell on August 30, 2024, and he agreed to assist as an expert. Dkt. 196-1 at 13–15. On May 2, 2025, Dr. Dezell obtained a memorandum from a judge advocate recommending that his request for off-duty employment ("ODE") be approved. *Id*. at 20–21. Plaintiff submitted a *Touhy* request to the Air Force for Dr. Dezell's testimony on September 12, 2025. *Id*. at 47. Plaintiff disclosed Dr. Dezell "as a rebuttal expert regarding amphetamine degradation and causation" on October 22, 2025, the rebuttal expert deadline. Dkt. 197 at 8 (citing Dkt. 177 at 195–202). On October 24, 2025, the Air Force denied Dr. Dezell's participation "[i]n accordance with DoDI 5405.02 (*Touhy* Regulation) and AFI 51-301 (Civil Litigation)." Dkt. 196-1 at 55.
>
> The Air Force's denial of Dr. Dezell's testimony was predictable. Defendants raised the issue of *Touhy* approval multiple times, including as early as July 9, 2025. Dkt. 121-1 at 220–21; *see* Dkt. 194-3 at 2–3 (August 22, 2025 email asking "have you received formal *Touhy* approval for individuals who are current/former military and that you've listed as testifying witnesses? We informed you a few weeks ago that we have received no approvals and have been told there are none. You said you were going to seek approval. Please update us."). In one email, Defendants cited the very same regulations (Air Force Instruction 51-301 and DoD Instruction 5405.02) the Air Force would ultimately cite in its denial of Dr. Dezell's testimony. Dkt. 194-10 at 3. On September 4, 2025, Dr. Dezell told Plaintiff that he learned his consultation "exceeded" his ODE agreement and that he could only "consult in the background and not testify verbally in person or via written statements." Dkt. 196-1 at 41. Plaintiff still sought *Touhy* approval on September 12, 2025, over a year after she initially contacted Dr. Dezell. *Id.* at 47. While Plaintiff is correct that the Air Force's denial came "beyond the eleventh hour," Dkt. 187 at 22, this was a predictable result of her own delay.

Dkt. 202 at 16–17. Plaintiff argues that this finding did not constitute a separate willfulness finding as required by *R & R Sails*. Dkt. 215 at 14–15.

The Court's previous analysis demonstrates that Plaintiff willfully delayed getting the Air Force's approval for Dr. Dezell to testify. Plaintiff only sought approval (1) over a year after contacting Dr. Dezell, Dkt. 196-1 at 47; (2) little over a month before the rebuttal expert deadline on October 22, 2025, Dkt. 37; (3) after months of prompting by Defendants, Dkt. 121-1 at 220–21; Dkt. 194-3 at 2–3; Dkt. 194-10 at 3; and (4) after Dr. Dezell signaled that the Air Force

ORDER DENYING MOTION FOR RECONSIDERATION - 5

might not allow him to testify. Dkt. 196-1 at 41. These facts demonstrate "information [] directly in Plaintiff's control" that she disregarded, causing her to miss the disclosure deadline. *United Auto Credit Corp.*, 2026 WL 1694812, at *4; *see also K. P. v. Santa Clara Cnty. Off. of Educ.*, No. 5:15-CV-01512-EJD, 2016 WL 5930641, at *3 (N.D. Cal. Oct. 12, 2016) ("Defendants led Plaintiffs to believe that timely compliance was forthcoming throughout several communications between counsel before the agreed-upon exchange, and said nothing about the shortcomings of their disclosure until Plaintiffs asked about them."); *Firstsource Sols. USA, LLC v. Tulare Reg'l Med. Ctr.*, No. 115CV01136DADEPG, 2018 WL 2949853, at *5 (E.D. Cal. June 13, 2018) ("Defendant's failure to retain the necessary consultants until months after discovery had opened and indeed only shortly before the already-extended discovery deadline was to expire is no one's fault but its own.").

Plaintiff's subsequent conduct only compounds the willfulness inquiry against her. Plaintiff (1) "did not request a further extension of any discovery or briefing deadlines," Dkt. 202 at 18; (2) "did not notify the Court (or Defendants) that she planned to rely on late-disclosed expert testimony until the hearing on December 2, 2025, over a month after briefing on the summary judgment motion concluded," *id*.; (3) disclosed Dr. Okano as a non-retained expert despite Dr. Okano not having any personal knowledge of Plaintiff's urinalysis, *id*. at 19; and (4) admitted that Mr. Kababick's report contained faulty citations generated by Claude or ChatGPT. Dkt. 245 at 17. In considering whether to impose sanctions resulting in the dismissal of a claim, the Court may consider "all of the offending party's discovery conduct." *Holmquist v. Exotic Cars at Caesars Palace, LLC*, No. 2:07-CV-0298-RLHGWF, 2008 WL 4491551, at *6 (D. Nev. Sept. 29, 2008) (citing *Henry*, 983 F.2d at 947). The totality of Plaintiff's conduct here demonstrates willful delay.

**B.    Lesser sanctions are not appropriate.**

As to the availability of lesser sanctions, the Court previously considered this factor in its summary judgment order:

> Plaintiff's failure to follow Rule 26 has already necessitated a deadline extension, additional briefing, and a delay of this order. [Dkt. 187] at 49. Allowing the late expert evidence would also let Plaintiff paper over the weaknesses in her case— such as Mr. Kababick's deposition testimony narrowing the scope of his opinion— and prevent Defendants from conducting their own discovery to rebut the evidence. On the other hand, extending the case schedule would necessitate further summary judgment briefing, delay the trial date, and balloon the already-expansive discovery in this case. Either option is an unacceptable burden to impose on Defendants, especially where they foresaw the looming discovery issues and frequently communicated their concerns to Plaintiff.

Dkt. 202 at 19. Plaintiff suggests that, if the Court permitted the contested expert evidence and continued the trial date, she would make the experts available for further discovery and "accept[] responsibility for reasonable expenses Defendants will incur" for that discovery. Dkt. 215 at 13.

But even if Plaintiff were to bear some of the costs, the history of this litigation "indicate[s] a lesser sanction will simply cause further delay, additional cost, and further prejudice to Defendants." *Franklin v. Ackerman*, No. 321CV05071RSMBAT, 2021 WL 11086641, at *2 (W.D. Wash. Dec. 13, 2021), *report and recommendation adopted*, No. 321CV05071RSMBAT, 2022 WL 19764686 (W.D. Wash. Jan. 28, 2022). The Court must therefore deny Plaintiff's request that the Court revisit its decision to exclude her expert evidence.

## IV.    CONCLUSION

Plaintiff's motion for lesser sanctions, which this Court construes as a motion for reconsideration, is DENIED. Dkt. 215.

ORDER DENYING MOTION FOR RECONSIDERATION - 7

Dated this 8th day of July, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION - 8